Cecile C. GAGNE et al.

v.

CIANBRO CORPORATION et al.

Supreme Judicial Court of Maine.

Argued Nov. 14, 1980.

Decided July 13, 1981.

Preti, Flaherty & Beliveau, Severin Beliveau (orally), Bruce C. Gerrity, Augusta, for plaintiff.

Isaacson, Isaacson & Hark, Robert S. Hark (orally), Lewiston, for Lewiston Crushed Stone, Stephen A. Filler, Lewiston, for City of Lewiston.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and ROBERTS, JJ.

NICHOLS, Justice.

Once again we are presented with issues arising out of a zoning dispute dating back to September of 1969. Twice before we have been called upon to address issues raised by these parties in *Gagne v. Inhabitants of the City of Lewiston*, Me., 281 A.2d 579 (1971) and *Gagne v. Lewiston Crushed Stone Co., Inc.*, Me., 367 A.2d 613 (1976).

The Defendants, Cianbro Corporation (successor to Lewiston Crushed Stone Company, Inc.[1]), City of Lewiston, and Lewiston Building Inspector Charles Buteau, ap-

---

1. Prior to oral argument Defendant Lewiston Crushed Stone Company, Inc., filed a Motion for Substitution of Parties, requesting that Cianbro Corporation be substituted for Lewiston Crushed Stone Company, Inc. Crushed Stone has transferred its interest in the property which is the subject matter of this action to Cianbro Corporation. We grant the motion pursuant to M.R.Civ.P. 25(c).

peal from a Superior Court (Androscoggin County) judgment entered pursuant to a hearing held on April 16, 1980. That judgment, entered in favor of the Plaintiffs, Cecile C. Gagne and Victoria A. Bouffard, reinstated the Plaintiffs' right of appeal to the Lewiston Board of Zoning Appeals.

On the instant appeal the Defendants claim that the evidence adduced in Superior Court was insufficient as a matter of law to support the judgment below, that the judgment constituted an abuse of discretion, that the Plaintiffs' complaint failed to state a claim for which relief could be granted, and that the Superior Court erred in denying the Defendants' motion for summary judgment.

We affirm the judgment below.

On September 18, 1969, the Lewiston Board of Zoning Appeals issued a permit to Lewiston Crushed Stone Company, Inc., (hereinafter "Crushed Stone"), authorizing it to build a one story concrete garage. A Superior Court judgment revoking this permit was affirmed by our decision in *Gagne v. Inhabitants of the City of Lewiston, supra*, holding that a Lewiston zoning ordinance which allowed for the enlargement, alteration, or addition to a building of nonconforming use did not authorize replacement of an existing nonconforming building with an entirely new structure.

On November 20, 1972, Crushed Stone procured a modified permit, authorizing it to build on the same site. On July 26, 1973, the Plaintiffs again instituted suit, collaterally attacking the issuance of this second permit. The Superior Court granted the Plaintiffs injunctive relief and ordered Crushed Stone to remove that part of its newly constructed garage which extended into a residential zone. In *Gagne v. Lewiston Crushed Stone Company, Inc., supra*, we sustained the Defendants' appeal on

grounds that the Plaintiffs had failed to exhaust the remedial statutory provisions for direct appeal to the Board of Zoning Appeals. 30 M.R.S.A. §§ 2411 and 4693; M.R.Civ.P. 80B. Given, however, our intervening decision in *Keating v. Zoning Board of Appeals of the City of Saco*, Me., 325 A.2d 521 (1974), we remanded the case, giving the Plaintiffs the opportunity to amend their complaint to claim reinstatement of their right of appeal to the Board of Zoning Appeals, in accordance with the "flagrant miscarriage of justice" exception of *Keating*.[2]

Accordingly, the Plaintiffs' complaint was amended, and on April 17, 1980, judgment was entered in favor of the Plaintiffs, reinstating their right to appeal to the Lewiston Board of Zoning Appeals. The order of judgment specified that "a flagrant miscarriage of justice would be perpetrated if the appeal was not reinstated, and indeed, this is one of the exceptional cases which the Law Court sought to protect in adopting the *Keating* rule." From this judgment the Defendants have brought this appeal.

■ *Keating* established the general rule that, absent a local ordinance designating a specific period of time in which to appeal to a Board of Zoning Appeals, a fixed period of 60 days commencing to run from the date of the building inspector's decision will be designated as the "reasonable" period "implied" in the ordinance within which to initiate such an appeal. We did, however, recognize that

> exceptions to this generally operative norm of 'reasonableness' are permitted in those special situations in which a Court of competent jurisdiction finds special circumstances which would result in a flagrant miscarriage of justice unless, within a narrowly extended range, a time longer than the general norm is held 'reasonable.' 325 A.2d at 524.

---

2. We are quick to emphasize that our decision today in no way erodes the well established doctrine of exhaustion of administrative remedies. We do, however, note that there are sometimes special circumstances, such as exist

in the instant case, which require relaxation of the doctrine. *See King Resources Co. v. Environmental Improvement Commission*, Me., 270 A.2d 863, 866–67 (1970).

The Defendants argue that the evidence adduced before the Superior Court was insufficient to invoke application of the *Keating* "flagrant miscarriage of justice" exception, which reinstated the Plaintiffs' right to appeal to the Zoning Board of Appeals.

We disagree.

We begin with the well established rule that the Superior Court's findings are to be upheld if supported by credible evidence of record. *Forbes v. Wells Beach Casino, Inc.*, Me., 409 A.2d 646, 651 (1979). Findings of fact supported by credible evidence are not clearly erroneous. *O'Halloran v. Oechslie*, Me., 402 A.2d 67, 69 (1979); M.R.Civ.P. 52(a). Moreover, the burden in the instant case of proving absence of credible evidence to support the Superior Court's decision is on the Appellants. *See LaPointe Brothers, Inc. v. Farrell*, Me., 363 A.2d 225, 228 (1976).

The Superior Court found from the evidence adduced before it that the Plaintiffs had no notice of the building permit issued on November 20, 1972, until almost eight months later when they first observed construction activity. Immediately they instituted a civil action in the Superior Court, seeking declaratory and injunctive relief, including revocation of the building permit and removal of any structure built pursuant to it. The court further concluded that, given the history of this long running zoning dispute, Crushed Stone had reason to anticipate resistance by the Plaintiffs, thereby abrogating any great inequity which might result to that party upon reinstating the Plaintiffs' right to appeal to the Board of Zoning Appeals.

The record before us on this appeal offers credible evidence in support of these findings. We cannot say that they are "clearly erroneous."

We reject the Defendants' claim that the Plaintiffs' delay of eight months before commencing legal action precluded *per se* the Superior Court's consideration of the "narrowly extended range" provision of the *Keating* exception. As we indicated in our remand of this case in *Gagne, supra*, the Plaintiffs were entitled to assert lack of notice as *one of several factors* to be evaluated by the Superior Court in determining whether the *Keating* exception deserved application. Furthermore, the Superior Court was required to consider, as it did, all such factors, including lack of notice, *"in light of all the circumstances bearing on all the equities of the situation."* (emphasis supplied) 367 A.2d at 619.

The Superior Court found that the lapse of eight months between issuance of the building permit and commencement of the Plaintiffs' civil suit was not an unreasonable delay, given the equities of the case before it. In appropriately analyzing the competing interests of builder and nearby landowners, the Superior Court recognized that the Plaintiffs had previously prosecuted one case to the Law Court on a very similar issue. Given the Plaintiffs' continuing pattern of resistance, the Defendants had "reason to anticipate" further resistance when the modified building permit was issued. Moreover, when the Plaintiffs did finally receive notice of the issuance of that permit, they *immediately* instituted suit, perceiving such recourse as being their most reasonable avenue to legal redress. Given the credible evidence of record to support these findings, we cannot say that they are clearly erroneous. We hold that the evidence was sufficient to support the Superior Court's conclusion that this is one of the exceptional cases falling within the "flagrant miscarriage of justice" exception to the *Keating* rule.[3]

The Defendants next contend that the judgment below constitutes an abuse of dis-

3. The Defendants suggest that the judgment of the Superior Court establishes a rule placing the burden upon the building permit applicant to notify potential opponents, thereby rejecting our discussion of "notice" in *Keating*.

We disagree.
Recognizing the valid, yet competing, interests of builders and nearby landowners, we fashioned in *Keating* a rule which would not be unduly burdensome on the function of building

cretion and error of law in that it both ignores "great inequity" to Crushed Stone and erroneously imposes upon it a "notification" burden. We have already indicated that the judgment of the Superior Court did not wrongfully impose any kind of notification burden. To the contrary, that judgment constituted a well reasoned application of the limited exception established in *Keating*. We further conclude that the Superior Court did not abuse its discretion in ruling that a flagrant miscarriage of justice would be perpetrated if the Plaintiffs were not permitted to reinstate their right to appeal to the Board of Zoning Appeals.

■ The touchstone of determining whether the Superior Court has properly exercised its discretion is whether in a given case that discretion is exercised "in furtherance of justice." *Fitch v. Whaples*, Me., 220 A.2d 170, 173 (1966); *Charlesworth v. American Express Co.*, 117 Me. 219, 221, 103 A. 358 (1918). We will not interfere with that discretion where, as in the instant case, it is reasonably exercised in furtherance of justice and is supported by substantial evidence. *See New England Telephone & Telegraph Co. v. Public Utilities Commission*, Me., 390 A.2d 8, 57 (1978).

■ As previously indicated, the Superior Court found that the Plaintiffs instituted legal action immediately upon learning that a permit had issued to Crushed Stone. That party had reason to anticipate their resistance upon the commencement of construction activity in July of 1973, especially in view of the extensive litigation which had occurred prior to that date. At trial the Plaintiffs testified in detail to the deleterious effects of Crushed Stone's increased use of the disputed structure. These effects included more noise during the daytime and nighttime, property damage to the Plaintiffs' home, and increasing pollution and dust. Given this evidence together with the extensive prior history of this zoning dispute, we hold that the Superior Court did not abuse its discretion by reinstating the Plaintiffs' right to appeal to the Board of Zoning Appeals. Not only did the Superior Court consider, as it was required to do, all the equities of the situation, but having done so, it specifically concluded that "the great inequity which might result in a given case does not exist so firmly in this case."

We agree.

In accordance with our directive in *Gagne, supra*, 367 A.2d at 622, the Plaintiffs amended their complaint to claim that within the "flagrant miscarriage of justice" exception of *Keating*, their right to appeal to the Board of Zoning Appeals should be reinstated. After the amended complaint was filed on January 18, 1977, the Defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted. M.R.Civ.P. 12(b)(6). The motion was denied at hearing on April 11, 1977. As their third issue on appeal the Defendants argue that this denial constituted error.

■ It is, of course, a well settled rule of Maine civil procedure that all pleadings are to be construed in favor of the pleader. *See, e. g., Richards v. Ellis*, Me., 233 A.2d 37, 38 (1967). As we observed in *Doane v. Pine State Volkswagen, Inc.*, Me., 377 A.2d 481, 484 (1977), the United States Supreme Court has emphasized that a Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can

inspectors in zoning cases, yet would protect the potentially "aggrieved" landowner who, given special circumstances, may be subjected to a "flagrant miscarriage of justice." The Superior Court simply applied this rule to the facts and circumstances of the instant case. As stated in the Order of Judgment, "indeed, this is one of the exceptional cases which the Law Court sought to protect in adopting the *Keating* rule." The decision falls far short of establishing a rule requiring all building permit applicants to notify potential opponents. Actually, a careful reading of the judgment below fails to reveal any language establishing a general notification burden on anyone.

prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also* 2A *Moore's Federal Practice* ¶ 12.08 (2d ed. 1980). It is intended, by the rule, that "fair notice of the claim" be given to all interested parties. 1 R. Field, V. McKusick, & L. Wroth, *Maine Civil Practice* § 12.11 (2d ed. 1970).

■ We find that the Plaintiffs' amended complaint gave the Defendants fair notice of the claim that a flagrant miscarriage of justice would result to the Plaintiffs if their right to appeal to the Board of Zoning Appeals was not reinstated. The complaint alleged (1) that the Plaintiffs had no notice or knowledge of the permit's issuance until July of 1973, (2) construction pursuant to the permit would severely reduce the value and restrict the use and enjoyment of the Plaintiffs' property, (3) Defendant Crushed Stone was aware of the Plaintiffs' opposition to the construction yet delayed that construction in an effort to thwart the Plaintiffs' ability to obtain review before the Board of Zoning Appeals, and (4) the construction commenced under the building permit in violation of pertinent zoning laws in that part of the structure was within a residential zone, approximately 50 feet from the Plaintiffs' home.

The amended complaint was sufficiently specific to provide "fair notice" to the Defendants. The denial of the Defendants' motion to dismiss was not error.

As a final issue, the Defendants contend that the Superior Court erred in denying their pre-trial motion for summary judgment on August 22, 1978.

Again, we disagree.

Our reading of the Plaintiffs' amended complaint together with their affidavit in opposition to the Defendants' motion for summary judgment reveals several disputed issues of material fact which were critical to determining whether there existed a "flagrant miscarriage of justice" within the *Keating* exception. Notable among them was whether actual notice of the issuance of the building permit was deliberately concealed for the purpose of frustrating the Plaintiffs' opportunity to appeal to the Board of Zoning Appeals.

■ We have recently reaffirmed that "summary judgment is an extreme remedy which should be cautiously invoked." *Benedix v. Boston Old Colony Insurance Co.*, Me., 417 A.2d 453, 455 (1980), citing, *Cardinali v. Planning Board of Lebanon*, Me., 373 A.2d 251, 255 (1977). Moreover, summary judgment is to be granted only "when 'the facts before the court so conclusively preclude ... [a party's] recovery' that a judgment in favor of the other party is the only possible result." *Wallingford v. Butcher*, Me., 413 A.2d 162, 165 (1980), quoting, *Tallwood Land & Development Co. v. Botka*, Me., 352 A.2d 753, 755 (1976). We cannot say that the facts before the Superior Court conclusively precluded recovery.

Accordingly, we conclude that the court below did not err when it denied the Defendants' motion for summary judgment.

The entry is:

Appeal denied.

Judgment affirmed.

Plaintiffs to have 20 days within which to reinstate their appeal to the Board of Zoning Appeals.

All concurring.