Mark McCALLUM and Kathy Caldwell

v.

CITY OF BIDDEFORD, et al.

Supreme Judicial Court of Maine.

Argued Nov. 4, 1988.
Decided Dec. 13, 1988.

Robert H. Furbish (orally), Smith & Elliott, Saco, for plaintiffs.

James P. Boone (orally), Caron & Boone, Saco, for City.

Erland B. Hardy (orally), Woodman & Edmands, Biddeford, for Mr. Serpico.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Mark McCallum and Kathy Caldwell appeal from an order of the Superior Court (York County, *Fritzoche, J.*) denying their appeal from a decision of the Zoning Board of Appeals for the City of Biddeford. The only issue presented is whether the abutting landowners' appeal to the Board from the issuance of a building permit was timely.[1] We find that the appeal was taken in a timely manner and we affirm.

---

1. At oral argument plaintiffs conceded that, if the appeal was timely, the Board correctly ruled that a variance from the setback requirements was required in order for a building permit to issue. Defendants likewise conceded that the Board erroneously ruled that plaintiffs' lot lost its status under the ordinance as a nonconforming lot of record by virtue of plaintiffs' acquisition of a strip of land reserved as an accessway in the original plan. In effect the parties stipulate that if the appeal to the Board was timely, plaintiffs require a variance from the setback requirements but not the density requirements. Obviously, if the appeal was not timely, the previously issued permit stands.

The relevant facts may be briefly summarized as follows: Plaintiffs own a nonconforming lot of record in Biddeford. Their application for a building permit was granted by the building inspector on October 2, 1986. On October 27, 1986 the inspector issued an order requiring work to cease. After review by the city solicitor, the order to cease work was withdrawn on February 20, 1987. Five days later on February 25, Joseph C. Serpico, an abutting landowner, filed an appeal to the Board from the issuance of the building permit. Plaintiffs argue that the appeal was untimely and that the Board had no authority to consider the appeal and reverse the issuance of the building permit.

The Biddeford Zoning Ordinance provides that an appeal from the decision of the building inspector "[s]hall be taken within 30 days of the decision appealed from, and not otherwise, except that the board, upon a showing of good cause, may waive the 30 day requirement." Article XVI § 6(A)(1). In the present case the Board ruled that because of the intervening order of the building inspector, Mr. Serpico had good cause for not filing an appeal until after the order was withdrawn. Accordingly, the Board waived the 30–day requirement.

Plaintiffs argue that the good cause provision of the ordinance is unconstitutionally vague. We find no merit in this argument. We hold that "good cause" is a reasonable and intelligible standard that does not force people of general intelligence to guess at its meaning and therefore it is not "void for vagueness." *Maine Real Estate Comm'n v. Kelby*, 360 A.2d 528, 531 (Me.1976). Similarly, we reject plaintiffs' argument that the record fails to support the Board's finding of good cause. Without deciding whether the building inspector is authorized to suspend a building permit once it has been issued, we conclude that in this case the suspension permitted the Board to find good cause for Serpico's failure to appeal.

On remand the Superior Court should modify its judgment to reflect defendants' concession that the Board erred in ruling that plaintiffs' lot is no longer a nonconforming lot of record.

The entry is:

Judgment, modified and as modified affirmed.

All concurring.