Isabell V. WILGRAM, Trustee

v.

**TOWN OF SEDGWICK et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 19, 1991.

Decided June 26, 1991.

---

Isabell V. Wilgram, Arlington, pro se.

Ellen S. Best, Spurr & Best, Blue Hill, Peter R. Roy, Roy & Kesaris, Ellsworth, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

McKUSICK, Chief Justice.

In this action brought pursuant to M.R. Civ.P. 80B, plaintiff Isabell V. Wilgram appeals the affirmance in Superior Court (Hancock County, *Smith, J.*) of the decision of the Town of Sedgwick's Board of Appeals, denying plaintiff's appeal of a building permit issued by the Town's Planning Board to defendant Robert Duffy. Because plaintiff's appeal to the Board of Appeals was untimely, we vacate the Superior Court judgment and remand for dismissal of this action.

Plaintiff is the sole trustee of the Quansoo Trust, which owns waterfront property on Walker Pond in Sedgwick. Abutting that property is land owned by defendant Robert Duffy. On February 14, 1989, the Planning Board issued a permit to Duffy to build a camp on his property. On or before July 4, 1989, plaintiff knew that construction of the camp was underway on the Duffy property. She did not file her appeal with the Board of Appeals, challenging the issuance of Duffy's permit, until September 18, 1989. Following a hearing, the Board of Appeals denied plaintiff's appeal, both on the ground that the Planning Board had acted properly in issuing a permit to Duffy for the construction of his camp and on the ground that plaintiff's appeal was untimely, having been filed more than 60 days after the Planning Board had issued Duffy's permit. Plaintiff then commenced the present action seeking review of the Board of Appeals decision. The court held "that the findings of the Board of Appeals are supported by the record" and that plaintiff "had not shown the actions of the Planning Board ... to be clearly contrary to provisions of Sedgwick's Shoreland Zoning Ordinance." The court also ruled that plaintiff's appeal to the Board of Appeals was not timely and could have been dismissed on that ground.

■ The provision in the Town's Shoreland Zoning Ordinance that allows for an appeal from the Planning Board to the Board of Appeals prescribes no time limit for the filing of the appeal. *See* Sedgwick, Me., Shoreland Zoning Ordinance, § 13(C)(2) (May 29, 1974). Nor does the applicable statute set a deadline for filing an appeal from a building permit. *See* 30-A M.R.S.A. § 4103(5) (Pamph.1990). Nearly two decades ago we ruled that when both the zoning ordinance and the statute are silent on the length of the allowable appeal period, a "reasonable" period is implied, and normally that reasonable period will be 60 days running from the appealed-from action or failure to act. *See Keating v. Zoning Board of Appeals of Saco*, 325 A.2d 521, 524–25 (Me.1974). We recognize that "infrequent and narrow exceptions" to the 60–day rule should be permitted in those "special circumstances which would result in a flagrant miscarriage of justice unless, within a narrowly extended range, a time longer than the general norm is held 'reasonable.' " *Id.* at 524. The *Keating* rule was designed to "achieve a highly desirable certainty and simultaneously permit the flexibility necessary ... to avoid the utter arbitrariness which, on occasion, can be shocking to conscience." *Id.*

In the case at bar, plaintiff did not file her appeal with the Board of Appeals until a full seven months after the Planning Board had issued Duffy the permit for building his camp, long after the 60–day deadline. None of the special circumstances that might justify granting her an exception to the filing rule is to be found here. *Cf. Gagne v. Cianbro Corp.*, 431 A.2d 1313 (Me.1981) (special circumstances found on specific facts to justify exception to 60–day rule). Even after learning about Duffy's construction, plaintiff waited at least another 76 days before filing an appeal with the Board of Appeals. Further, she has shown no significant impairment to the use and enjoyment of the Trust's property as a result of Duffy's construction of a camp on his adjoining lot.

■ We agree with the Superior Court's finding that plaintiff's appeal to the Board of Appeals was untimely, but disagree with the court's reaching the merits of the case.

The untimeliness of plaintiff's filing, an issue that was squarely raised before the Board of Appeals, left it with no legal authority to hear and decide the appeal from the Planning Board. *See Keating v. Zoning Board of Appeals of Saco,* 325 A.2d at 525. The court had no effective administrative decision to review and consequently should have dismissed plaintiff's action.

The entry is:

Judgment vacated; case remanded to Superior Court for dismissal of this action.

All concurring.