**Peter BOISVERT, et al.[1]**

**v.**

**Stanwood Les KING.[2]**

Supreme Judicial Court of Maine.

Argued Nov. 16, 1992.

Decided Dec. 21, 1992.

---

1. The plaintiffs in this action are Peter Boisvert, d/b/a The Moorings Restaurant, Claude Boisvert, William Thurston and Richard Daugherty. We will refer to them collectively as "Boisvert."

2. Co-defendants the Town of Southwest Harbor, Code Enforcement Officer Raymond Reed, the Southwest Harbor Zoning Board of Appeals, and the Southwest Harbor Planning Board, have withdrawn their appeal, leaving only defendant Stanwood Les King.

John C. Bannon (orally), Murray, Plumb & Murray, Portland, for plaintiff.

Michael L. Ross, Mary G. Cline (orally), Ellsworth, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

The defendant, Stanwood Les King, appeals from a judgment of the Superior Court (Hancock County, *Silsby, J.*) vacating a decision of the Southwest Harbor Zoning Board of Appeals that denied plaintiff Peter Boisvert's appeal of the issuance of a building permit to King. Because we conclude that the timeliness of Boisvert's appeal to the Zoning Board cannot be determined on the state of this record, and that the timeliness issue should be resolved prior to a determination on the substantive issues, we vacate the judgment and remand to the Superior Court for further proceedings.

King and Boisvert own adjacent businesses in Southwest Harbor; Boisvert runs a restaurant and King runs an inn and marina. In March of 1988, King submitted an application for a building permit to construct an accessory building for "utility/rental/storage" purposes. Boisvert was notified of the Planning Board hearing on the application, but, understanding the proposal to be one for a single-story utility shed, did not attend or object. The Planning Board approved the application on April 5, 1988, finding it to conform to existing zoning requirements. King did not at this time request the actual permit or commence construction. On May 3, 1988, the Town repealed the existing Shoreland Use Ordinance and replaced it with a new Development Control Ordinance that imposed stricter zoning requirements on King's property.

In June 1988, Charles Watson, King's son-in-law and owner of the proposed structure,[3] approached the Planning Board to request modifications to the approved plan. In denying Watson's request on July 7,

1988, the Board indicated to Watson that he could build only what had been approved in March without having to comply with the new ordinance. On July 21, 1988, the Board revisited its decision and conditionally approved the modification as an accessory structure to an existing nonconforming use. The application was held pending additional information to be supplied by Watson. On July 27, 1988, King obtained a building permit for a three-story structure to house boat storage and residential rental units. King began construction in September 1988.

Boisvert first became aware of the magnitude of the structure when construction continued beyond the first floor level. The record, however, is silent as to when that was. Boisvert questioned various Town officials as to the nature of the permit under which King was building the structure and, receiving no response that he considered satisfactory, submitted a written request dated March 2, 1989. Unhappy with the response he received from the Town, Boisvert filed an administrative appeal with the Zoning Board of Appeals on April 14, 1989.

The Zoning Board held hearings on June 14 and June 27, 1989. It issued its decision on June 30, 1989, denying Boisvert's appeal both as time barred and on the merits, finding that the permit was governed by and was in compliance with the prior Shoreland Use Ordinance rather than the more restrictive subsequently enacted Development Control Ordinance. Boisvert filed a complaint in the Superior Court seeking (1) a review of the Zoning Board decision, *see* M.R.Civ.P. 80B, and (2) a declaratory judgment that his appeal to the Zoning Board of Appeals was timely. The Superior Court (*Smith, J.*) dismissed Boisvert's request for a trial on the facts in connection with his complaint for review of governmental action, *see* M.R.Civ.P. 80B(d), indicating it was moot in light of his declaratory judgment action. Subsequently, without an evidentiary hearing, the court (*Silsby, J.*) found that there was no formal approval of

---

3. Apparently, while King owns the underlying land, Watson owns and operates the structure.

King's plan by the Planning Board that started the appeals period running, and concluded that Boisvert's appeal was timely. Then, determining that the later-enacted Development Control Ordinance, not the Shoreland Use Ordinance, controlled the project, the court vacated the decision of the Zoning Board and remanded for further proceedings under the Development Control Ordinance.[4] This appeal by King followed.

■ When an appeal is taken from a Superior Court review of actions taken by a zoning board of appeals, this court examines the record before the board to determine if it abused its discretion, committed an error of law, or made findings not supported by substantial evidence. *Mason v. Crooker–Mulligan,* 570 A.2d 1217, 1220 (Me.1990). Because, however, Boisvert's appeal to the Zoning Board of Appeals must be taken in a timely fashion in order for the Zoning Board to properly hear and decide the appeal, *Wilgram v. Town of Sedgewick,* 592 A.2d 487, 489 (Me.1991), we must first direct our attention to that issue.

■ King contends that the Zoning Board properly held that Boisvert's appeal was not timely. When, as here, the applicable ordinance is silent as to the time period for appeal, an aggrieved party has a reasonable time from the date of the action complained of in which to appeal. *Keating v. Zoning Board of Appeals of Saco,* 325 A.2d 521, 523 (Me.1974). As a matter of law, sixty days constitutes a reasonable time. *Id.* at 525. Contrary to the conclusion of the Superior Court, a formal decision is not always required for the running of the appeals period to begin; the issuance of the permit is enough. *Id.* at 525. In fact, it was specifically in acknowledgment of the fact that building permits in particular may be issued absent a formal public decision with its attendant notice and hearing that we allowed the longer sixty-day

period as a reasonable time for appeal, as opposed to the more common thirty-day appeal period. *Id.* at 524.

■ The court may, however, grant "infrequent and narrow exceptions" to the sixty-day rule when there exist "special circumstances which would result in a flagrant miscarriage of justice unless, within a narrowly extended range, a time longer than the general norm is held 'reasonable.'" *Wilgram,* 592 A.2d at 488. Such special circumstances may include a lack of notice, when the plaintiff takes immediate action on discovering the alleged violation, and when the defendant's own wrongful conduct coupled with a substantial detriment to the plaintiff is, under equitable considerations, sufficient to justify reinstating the plaintiff's right to appeal a permit previously issued and acted on. *Compare Gagne v. Cianbro Corp.,* 431 A.2d 1313, 1317–18 (Me.1981) (appeal eight months after issuance of permit was timely when plaintiff took action immediately on observing construction activity and defendant "had reason to anticipate plaintiff's resistance" and to conceal planned project), *with Wilgram,* 592 A.2d at 488 (appeal seven months after issuance of permit not timely when plaintiff delayed taking action for seventy-six days from notice of construction and showed no significant impairment to use and enjoyment of property).

Boisvert filed his appeal twelve months after the original building permit was approved, nine months after the modified permit was issued, and six months after construction began, well outside the sixty-day time period for appeal. This record does not justify Boisvert's apparent failure to file a timely appeal with the Zoning Board and thus to fall within the narrow exception of *Keating.* Accordingly, the Superior Court erred in concluding Boisvert's appeal was filed in a timely manner.[5] Due to the

---

4. There is no dispute that the project is not in strict compliance with the Development Control Ordinance.

5. Boisvert is appealing the dimension and use of the structure rather than the construction of the structure itself. At what point he should be charged with notice of the claimed irregularity,

and whether, based on his own conduct and on the conduct of King and the Town officials together with the resulting detriment to his property, he falls within the narrow exception set out in *Keating,* are questions of fact. The record before us, however, contains no evidence, for example, as to when construction had

unusual procedural history of this case, however, we cannot charge Boisvert as a matter of law with the failure to present sufficient evidence to justify his delay.

■ Boisvert filed his complaint in two parts, seeking both a direct review of the Zoning Board decision for arbitrariness or error and a declaratory judgment that his appeal to the Zoning Board was timely. He initially requested, pursuant to M.R.Civ.P. 80B(d), a trial on the facts on the timeliness issue in conjunction with his complaint for review of the Zoning Board decision, but later consented to having the 80B claim heard solely on the record, reserving his right to a trial on the facts in the companion declaratory judgment action. On ruling in Boisvert's favor on the timeliness issue, the Superior Court then dismissed the declaratory judgment action. Before a proper determination of the timeliness issue is made, Boisvert should have the opportunity to renew his motion pursuant to Rule 80B(d) [6] to allege the evidence he could present to bring himself within the narrow exceptions to the *Keating* sixty-day rule. Moreover, the issue of timeliness must be determined before the substantive merits of Boisvert's appeal to the Zoning Board can be addressed, because, if Boisvert's appeal was not timely, the Zoning Board of Appeals had no legal authority to hear and decide Boisvert's appeal. *See Wilgram,* 592 A.2d at 489.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

progressed to the point where the building's size and residential use were apparent, or the date of Boisvert's first inquiry to the Town, thus precluding our determination of the timeliness of the appeal as a matter of law.

6. M.R.Civ.P. 80B(d) requires a party to file with the motion for a trial on the facts a "detailed statement, in the nature of an offer of proof, of

the evidence that the party intends to introduce at trial ... sufficient to permit the court to make a proper determination as to whether any trial of the facts is appropriate under this rule...." Vague allegations are not enough. *Ryan v. Town of Camden,* 582 A.2d 973, 975 (Me.1990).