Sylvia **GREENBERG**, et al.

v.

Suzette **DiBIASE**, et al.

Supreme Judicial Court of Maine.

Argued Jan. 19, 1994.
Decided March 1, 1994.

Stanley Greenberg (orally), Portland, for plaintiffs.

Peter M. Rice, Frances L. Rice (orally), Yarmouth, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Suzette DiBiase appeals from a judgment entered in the Superior Court (Cumberland County, *Mills, J.*) sustaining an appeal filed by plaintiffs Sylvia Greenberg, Larry W. Verrill, Lorraine A. Verrill, Richard G. Boyle and Muriel M. Boyle, of a decision of the Town of Raymond Board of Zoning Appeals granting a variance to DiBiase. Because we agree with DiBiase that the record supports the appeals board's finding that she is entitled to a variance, we vacate the judgment of the Superior Court.

The record as developed before the appeals board reflects that DiBiase is the owner of a parcel of land located on Pine Ledge Lane in Raymond. The lot, identified on zoning maps as Lot 25, is across Pine Ledge Lane from another lot owned by DiBiase, identified as Lot 27. Both lots have frontage on Sebago Lake. Lot 27 contains a single-family residence. The plaintiffs in this proceeding are all neighboring landowners who have resisted DiBiase's effort to gain a variance that would permit her to construct a residence on Lot 25. In September of 1992, DiBiase filed the third in a series of variance applications concerning Lot 25 with the Town of Raymond Board of Zoning Appeals.[1] DiBiase is unable to build a residential structure on the parcel without a variance from the setback requirements set forth in the Town's shoreland zoning ordinance. Following a hearing, at which the plaintiffs appeared through counsel to argue against the proposal, the appeals board approved two variances from the setback requirements: one permitting DiBiase to build a small residence on Lot 25, the other permitting her to construct a septic system. The Town issued a certificate of variance approval on December 4, 1992.

Pursuant to M.R.Civ.P. 80B, the plaintiffs filed this action in the Superior Court, naming as defendants DiBiase and Jack Cooper, the Town's code enforcement officer. DiBiase filed a cross-claim against Cooper, arguing that the certificate of variance approval should be amended because it does not reflect the variance approval for the septic system. After a hearing, the Superior Court sustained the plaintiffs' appeal and dismissed DiBiase's cross-claim. DiBiase then filed a timely appeal to the Law Court.[2]

In an appeal of the Superior Court's appellate review of actions taken by a municipal board of zoning appeals, we examine directly the administrative record developed before the board to determine if the board abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record. *Boisvert v. King,* 618 A.2d 211, 213 (Me.1992); *Mason v. Crooker–Mulligan,* 570 A.2d 1217, 1220 (Me. 1990). We do not substitute our judgment for that of the board. *Mack v. Town of Cape Elizabeth,* 463 A.2d 717, 720 (Me.1983). Because it involved the grant of a variance, the appeal in this case requires us to look to 30–A M.R.S.A. § 4353(4) (Pamph.1993), pursuant to which the Raymond shoreland zoning ordinance authorized the granting of variances. Section 4353(4) and section 16(G)(2)(c) of the Raymond Shoreland Zoning Ordinance

---

1. DiBiase filed her first application for a variance in March of 1992. The appeals board granted her application, but DiBiase was unable to gain a necessary easement from abutting landowners for the leach field of the septic system. DiBiase filed a second application, this time for a variance permitting her to use Lot 25 as a campsite. The appeals board denied this application. DiBiase styled her third application, at issue here, as a request for an amendment to her original variance. The appeals board, however, noted that her previous variance had expired and therefore treated her application as a request for a new variance.

2. During the pendency of the present appeal, after the parties had filed their briefs but prior to oral argument, the plaintiffs filed a motion to dismiss the proceeding based on their contention that the case is moot because the variance, by its terms, expired if DiBiase did not begin construction within six months and substantially complete the work within one year. The appeals board, however, voted in May of 1993 to stay the variance pending the outcome of these proceedings. We reject the plaintiffs' argument that the stay is ineffective.

permit an appeals board to grant a variance only on a finding of "undue hardship," defined as:

> A. The land in question [cannot] yield a reasonable return unless a variance is granted;
>
> B. The need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;
>
> C. The granting of a variance will not alter the essential character of the locality; and
>
> D. The hardship is not the result of action taken by the applicant or a prior owner.

The appeals board that considered DiBiase's application specifically made each of the four required findings in determining that an undue hardship existed when the shoreland zoning ordinance was applied to Lot 25. We will reverse such a determination only if there is insufficient evidence in the record to support it. *Boisvert*, 618 A.2d at 213. The plaintiffs have challenged the appeals board's findings as to the "reasonable return" and "unique circumstance" prongs of the undue hardship test.

■ The reasonable return prong of the hardship test is met when the landowner demonstrates that strict application of the zoning ordinance "would result in the practical loss of all beneficial use of the land." *Perrin v. Town of Kittery*, 591 A.2d 861, 863 (Me.1991). Although "reasonable return is not maximum return," *id.*, economic proof is not necessary to support a finding of no reasonable return. *Forester v. City of Westbrook*, 604 A.2d 31, 33 (Me.1992).

■ Contrary to the plaintiffs' argument, there is substantial evidence in the record to support the board's finding that Lot 25 cannot yield a reasonable rate of return without a variance. It is apparent that without a variance, the setback requirements would preclude the construction of any residential structure on Lot 25. In a similar case involving a parcel that was "strictly confined to residential use," we concluded that the zoning board of appeals' finding that a denial of a variance would not result in the practical loss of substantial beneficial use of the land was unreasonable, and that the plaintiff was entitled to a variance. *Marchi v. Town of Scarborough*, 511 A.2d 1071, 1073 (Me.1986).

■ Relying on *Perrin*, 591 A.2d at 863, and *Sibley v. Town of Wells*, 462 A.2d 27, 31 (Me.1983), the plaintiffs further argue that the appeals board erred in failing to consider uses of Lot 25 that would benefit Lot 27. Although DiBiase owns both parcels, the record demonstrates that the lots are separated by a private road and are therefore not contiguous. The board correctly made its reasonable rate of return determination on the basis of Lot 25 standing alone, without consideration of the common ownership with Lot 27. In addition, although the plaintiffs point to evidence in the record noting that one of DiBiase's predecessors in title had once used Lot 25 as the site of a lakefront pier, that fact, standing alone, does not mean that the Board's finding is not supported in the record. *Boisvert*, 618 A.2d at 213.

■ We also reject the plaintiffs' argument that the Board's finding that the need for the variance is not due to the unique circumstances of the property is clearly erroneous. The record demonstrates that the only other lots in the vicinity of Lot 25 that are of a similar size already contain residential structures or wetlands. All other lots in the area appear to be of sufficient size to meet the setback requirements. We therefore cannot say that the appeals board committed error in finding that the need for the variance was due to the unique circumstances of Lot 25 rather than the general conditions in the neighborhood.[3]

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of judgment affirming the decision of the Town of Raymond Board

---

3. None of the parties have contested DiBiase's assertion that the appeals board granted her setback variances permitting construction of both a residential structure and a septic system appurtenant to that structure. We agree with DiBiase that to the extent that the certificate does not fully reflect the appeals board's decision at its meeting of November 30, 1992, the transcript of that meeting should govern.

of Zoning Appeals and directing the Code Enforcement Officer to correct the certificate of variance approval.

All concurring.