James OTIS

v.

TOWN OF SEBAGO, et al.

Supreme Judicial Court of Maine.

Argued June 8, 1994.

Decided July 26, 1994.

David P. Chamberlain (orally), Ainsworth & Thelin, South Portland, for plaintiff.

Barbara L. Krause (orally), Drummond, Woodsum, Plimpton & MacMahon, Portland, for defendants.

Jane Borsetti (orally), pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Plaintiff James Otis appeals from a judgment entered in the Superior Court (Cumberland County, *Brennan, J.*), affirming a Town of Sebago Board of Appeals (Board) decision in which the Board had determined that Otis's appeal from the Town Code Enforcement Officer's (CEO) issuance of a building permit was untimely. Otis contends that his appeal from a subsequent decision of the CEO refusing to revoke the building permit was timely, or, in the alternative, that he met the local ordinance's "good cause" exception to the thirty-day appeal period. We find no merit in either contention, and affirm.

On April 15, 1992, the CEO issued a building permit to relocate and reconstruct into a guest house an existing structure on the property of defendants Michael and Jane Borsetti. No notice was given to Otis, an abutting neighbor, that the permit was issued. Foundation construction for the guest house began in September 1992; it was at this time that Otis first became aware of the construction. At that point, Otis contacted the CEO who informed him of the permit and the nature of the construction occurring on the Borsettis' lot. Otis, however, took no further action on the matter until December 30, 1992, when he requested by letter that the CEO revoke the April 1992 permit. The CEO refused this request by letter on January 19, 1993. On January 30, 1993, Otis submitted an application for appeal from that

refusal to the Board. The Board denied the appeal after a hearing, concluding that it was not timely.

Pursuant to M.R.Civ.P. 80B, Otis sought judicial review by the Superior Court, which affirmed the Board's decision. Otis then appealed to this court. Because this appeal is taken from a Superior Court review of actions taken by a zoning board of appeals, the record before the Board is examined to determine if the Board abused its discretion, committed an error of law, or made findings not supported by substantial evidence. *Boisvert v. King*, 618 A.2d 211, 213 (Me.1992).

The Town's Shoreland Zoning Ordinance requires appeals from decisions of the CEO to be taken within thirty days.[1] The Board treated the appeal as being from the CEO's issuance of the April 1992 permit and denied the appeal as untimely. Otis contends that he acted appropriately in submitting a letter to the CEO requesting revocation of the Borsetti building permit and then filing an appeal with the Board within thirty days of the CEO's refusal to revoke. We disagree. The Shoreland Zoning Ordinance does not authorize the CEO to reconsider previous decisions nor does it provide a mechanism for an aggrieved party to request that the CEO reconsider a prior decision. Only petitions for rehearing filed pursuant to officially adopted procedures can be relied on to toll a limitations period. *See Cardinali v. Town of Berwick*, 550 A.2d 921, 924 (Me. 1988) (request to Planning Board for reconsideration of decision held insufficient to delay appeal period for M.R.Civ.P. 80B appeal). The Board was unpersuaded, as are we, by Otis's contention that the thirty-day appeal period did not begin until he submitted a request for revocation to the CEO, more than eight months after the permit had been issued.

Otis also contends that the Board abused its discretion in refusing to grant him

---

1. Sebago, Me., Shoreland Zoning Ordinance § 16(G)(3) provides that:
   (a) Making an Appeal
      (1) An administrative or variance appeal may be taken to the Board of Appeals by an aggrieved party from any decision of the Code Enforcement Officer or the Planning Board. Such an appeal shall be taken within thirty (30) days of the date of the decision appealed from, and not otherwise, except that the Board, upon a showing of good cause, may waive the thirty (30) day requirement.

a good cause waiver of the thirty-day requirement. A zoning ordinance appropriately may contain a good cause exception to an appeal period. *See McCallum v. City of Biddeford,* 551 A.2d 452, 453 (Me.1988). We defer to the fact-finder's determination whether good cause has been met; that decision will be upheld if supported by credible evidence on the record. *See Gagne v. Cianbro Corp.,* 431 A.2d 1313, 1317 (Me.1981) (upholding Superior Court's finding of special circumstances to extend implied sixty-day appeal period). Otis waited more than 4 months from the date he learned of the construction and more than nine months from the date of the permit's issuance before he filed an appeal with the Board. The Board did not err in refusing to grant Otis a good cause exception to the thirty-day appeal period. *See Boisvert,* 618 A.2d at 213 (error to conclude that appeal was timely under sixty-day appeal period when plaintiff waited nine months after issuance of modified permit and six months after construction began); *Wilgram v. Town of Sedgwick,* 592 A.2d 487, 488 (Me.1991) (appeal seven months after issuance of permit and seventy-six days after notice of construction not timely under sixty-day appeal period).

The entry is:

Judgment affirmed.

All concurring.