1997 ME 72

Peter BOISVERT, et al.

v.

Raymond REED, Jr., et al.[1]

Supreme Judicial Court of Maine.

Submitted on briefs Nov. 22, 1996.

Decided April 7, 1997.

Kyle W. Jones, Ellsworth, for plaintiffs.

William B. Entwisle, Law Offices of Michael L. Ross, Ellsworth, for Stanwood L. King.

Chadbourn H. Smith, Fenton, Chapman, Fenton, Smith & Kane, P.A., Bar Harbor, for Town of Southwest Harbor.

WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

[¶ 1] Peter Boisvert, Claude Boisvert, William Thurston, and Richard Daugherty, d/b/a The Moorings Restaurant (Boisvert) appeal from the judgment entered in the Superior Court (Hancock County, *Marsano, J.*) dismissing this action. Boisvert contends that the court erred in finding that his offer of proof was insufficiently specific to establish triable issues of fact pursuant to Maine Rule of Civil Procedure 80B(d) and *Boisvert v. King,* 618 A.2d 211 (Me.1992) (vacating an earlier judgment entered in the Superior Court on the ground that timeliness could not be determined given the state of the record and remanding for further proceedings), and that equity demands an extension of the appeal period because of the allegedly

---

1. The other defendants are Stanwood Les King, d/b/a The Moorings Inn, and the Town of Southwest Harbor.

wrongful conduct of the Town. We disagree and affirm the judgment.

### Background[2]

[¶ 2] Boisvert and Stanwood Les King (King) own adjacent businesses, The Moorings Restaurant and The Moorings Inn, respectively, in Southwest Harbor. In March 1988 King applied for a permit to construct an accessory building on his property for utility, rental, and storage purposes. Although Boisvert was notified of the Planning Board hearing at which King's application was approved, he did not attend because at the time King proposed only a one-story shed to which Boisvert did not object. King neither requested a construction permit nor began construction at that time.

[¶ 3] Shortly thereafter, the Town repealed the existing Shoreland Control Ordinance and King's son-in-law Charles Watson, who owns the proposed structure, requested that the Planning Board approve modifications to the previously approved plan. The Planning Board initially denied the request, noting that the proposed modifications had to conform to the new Development Control Ordinance. On July 27, however, the Board reconsidered its position and issued a building permit for a three-story structure to house boat storage and rental units. Construction began that September.

[¶ 4] Boisvert claims that the plaintiffs first became aware of the size of the structure when construction of the second-story began in mid-November. The plaintiffs confronted King immediately about the structure and, by Boisvert's account, failed to receive a satisfactory response. Boisvert proceeded to investigate the nature of the permit issued to King by questioning Town officials, submitting a "written request to the town for a response dated March 2, 1989, and not on May 18 as reflected [originally] in the

Offer of Proof." Boisvert filed an administrative appeal with the Zoning Board in April, twelve months after the original building permit issued, nine months after the modified permit was approved, six months after construction began, and five months after the appellants claim they became concerned about the construction—all well outside the presumptive 60–day time period for such an appeal. *See* 618 A.2d at 213; *Keating v. Zoning Board of Appeals of Saco,* 325 A.2d 521, 525 (Me.1974).[3] After hearings held in June 1989, the Zoning Board denied Boisvert's appeal both on the merits and as time-barred.

[¶ 5] Boisvert filed a complaint in the Superior Court seeking review of the Zoning Board's decision as well as a declaratory judgment that the plaintiffs' appeal had been timely. The court dismissed Boisvert's request for a trial on the facts on the ground of mootness given the declaratory judgment action. It subsequently found, without an evidentiary hearing, that there had been no formal approval of King's modified construction plan by the Planning Board that would trigger the appeal period, and that the later Development Control Ordinance (rather than the repealed Shoreland Use Ordinance) controlled the project. Thus, the court vacated the decision of the Zoning Board and remanded for further proceedings under the operative ordinance.

[¶ 6] In December 1992 we vacated the court's judgment in *Boisvert v. King,* finding that the timeliness of Boisvert's appeal could not be determined from the available record, and that the timeliness issue had to be resolved before the court addressed any substantive issues. 618 A.2d at 214. Specifically, we decided the plaintiffs "should have the opportunity to renew [their] motion pursuant to Rule 80B(d) to allege the evidence [they]

---

2. This detailed account, required for an understanding of the issue before us, includes a condensed version of the background we provided in *Boisvert v. King,* 618 A.2d 211, 212–13 (Me. 1992).

3. As we decided in *Keating,*
   An adequate (if not full) amelioration of the potential infirmities is accomplished, we be-

lieve, if we: ... fix the longer (even if commonly less utilized) period of 60 days as the length of time which shall be the generally governing norm of the 'reasonable' period 'implied' (when statute, ordinance or rule having the effect of law fails to designate a time) within which appeal must be taken to a Zoning Board of Appeals (or be held barred).
325 A.2d at 525.

could present [themselves] within the narrow exceptions to the *Keating* 60–day rule." We also reminded them that this showing would require a " 'detailed statement, in the nature of an offer of proof, of the evidence that the party intends to introduce at trial ... sufficient to permit the court to make a proper determination as to whether any trial of the facts is appropriate under this rule....' " *Id.* at 214 n. 6 (quoting M.R.Civ.P. 80B(d)).

[¶ 7] Our remand resulted in ten months of inactivity, after which Boisvert's attorney filed a motion to withdraw. New counsel did not enter an appearance until more than a year after remand. With counsel's assistance Boisvert entered into a stipulated order in February 1994 that allowed him 45 days to move for a testimonial hearing to address the timeliness issues. Within a month of the stipulation Boisvert's new counsel withdrew, prompting the four plaintiffs to enter *pro se* appearances. Reed filed a motion to dismiss given Boisvert's failure to make a timely request for a hearing pursuant to the stipulated order. At a subsequent testimonial hearing scheduled at the plaintiffs' behest, the court had to continue the matter due to the failure of two of them to appear. By the end of 1994 Boisvert still had not filed anything of substance. Boisvert's third counsel entered an appearance and filed a motion for a trial on the facts, the offer of proof, and yet another motion for an enlargement of time on April 13, 1995—the day scheduled for a hearing on Reed's motion to dismiss, two years and three months after our remand, and 14 months after the entry of the stipulated order.

[¶ 8] After the hearing on April 13 the court granted the motion to dismiss. The court's order focused on the deficiencies in the offer of proof and reviewed the long history of delay on the part of the plaintiff, including the dilatory response to our remand.

## Discussion

[¶ 9] Although the parties focus their argument on the adequacy of Boisvert's offer of proof to establish a triable issue on the timeliness of the appeal to the Zoning Board, we conclude that Boisvert's dilatory response to our remand fully justified the court's denial of the motion for a trial on the facts and dismissal of the action. When the relevant ordinance is silent on the length of the period for appeal to a zoning board, we may make exceptions to the 60–day rule established by *Keating* in those "special circumstances which would result in a flagrant miscarriage of justice unless, within a narrowly extended range, a time longer than the general norm is held 'reasonable.' " 325 A.2d at 524–25.

[¶ 10] Boisvert's pattern of delay in this case renders the entire proceeding untimely pursuant to *Keating* and its descendants, which exhort us to grant only "infrequent and narrow" exceptions to the presumptive 60–day period. 325 A.2d at 524. The plaintiffs' conduct since the remand belies the sense of urgency they claim to have brought to the proceedings before the Zoning Board. The plaintiffs' failure to proceed promptly after remand and, in particular, to comply with the stipulated order allowing 45 days to move for a testimonial hearing, precluded the possibility of any findings by the court that there were special circumstances in this case requiring an extension of the appeal period to prevent a flagrant miscarriage of justice. *Cf. Gagne v. Cianbro,* 431 A.2d 1313, 1317 (Me.1981) (affirming reinstatement of a zoning board appeal pursuant to *Keating* when plaintiffs immediately instituted suit on discovery of construction activity indicating the existence of a modified building permit eight months after it had been issued). The court did not err in dismissing the action.

The entry is:

Judgment affirmed.