STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-06-022

P̶A̶r̶ ~YOR~ 3/30 ·· ᵒ⁾7

ELISHA EDWARD CAMP and
JOYCE P. CAMP, Trustees of the
Camp Management Trust of
Kennebunkport, Maine,

Plaintiffs

v.

THE INHABITANTS OF THE
TOWN OF SHAPLEIGH, a
Municipal corporation duly
organized under the laws of the
State of Maine,

**ORDER AND DECISION**

Defendant

v.

RICHARD GLIDDEN and
ROSEMARY GLIDDEN, of
Milton, New Hampshire,

Parties-in-Interest

The plaintiffs are the owners of Lot 48 with buildings on Treasure Island in Square Pond in Shapleigh. Richard Glidden and Rosemary Glidden are the owners of abutting unimproved Lot 51, which consists of about 7,500 square feet of land.

The Gliddens applied for and were denied a building permit for a seasonal home because their proposed structure failed to meet the setback requirements for distance from a right of way, sidelines and from the normal high water line. A variance was requested and granted by the Shapleigh Board of Appeals. The plaintiffs have appealed from the granting of the variance. Their appeal has been briefed and argued.

By state statute the Board "may grant a variance only when strict application of the ordinance to the petitioner and the petitioner's property would cause undue hardship. The term 'undue hardship' as used in this subsection means:

A. The land in question cannot yield a reasonable return unless a variance is granted;

B. The need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;

C. The granting of a variance will not alter the essential character of the locality; and

D. The hardship is not the result of action taken by the applicant or a prior owner." See 30-A M.R.S.A. §4353(4).

The Zoning Code of the Town of Shapleigh contains the identical provision at §105-71(C)(2)(b). The Town of Shapleigh has enacted the optional relaxed standards for set-back variances for single-family dwellings, 30-A M.R.S.A. §4353(4-B) and Zoning Code §105-71(C)(3), but those standards apply only to primary year-round residences and not seasonal cottages.

After a hearing the Board found unanimously that requirements A, C and D were met while a majority of the Board found that requirement B was met. This appeal challenges the findings as to "reasonable return" and "unique circumstances."

In this case a combination of a small lot and zoning restrictions preclude the construction of a single family home absent a variance. A deed restriction limits the land to "single-family residential purposes" and states that, "No tents, trailers, or mobile homes shall be placed or maintained anywhere on Treasure Island ...." All of these combine to prohibit construction and reduce the permissible uses such that the strict application of the zoning ordinance "would result in the practical loss of all

2

beneficial use of the land." *Perrin v. Town of Kittery*, 591 A.2d 861, 863 (Me. 1991), *Greenberg v. DiBiase*, 637 A.2d 1177 (Me. 1994) and *Marchi v. Town of Scarborough*, 511 A.2d 1071, 1073 (Me. 1986). The Board was correct in finding that "the land in question cannot yield a reasonable return unless a variance is granted."

The more difficult question, which divided the Board, is whether "the need for a variance is due to the unique circumstances of the property and not the general conditions of the neighborhood." The exact reasoning of a majority of the Board is not entirely clear. The variance was granted either because the Glidden lot was small or because it was undeveloped. The second reason will always fail, while the first fails based on the evidence in this case.

The fact that this lot is undeveloped does not mean that the need for a variance is due to the "unique circumstance" of having an empty lot. First there are a small number of other vacant lots on Treasure Island (R.20). Of far more importance is the fact, even if this was the only vacant lot on the entire Island, that the owners would not be entitled to a variance for that reason. The absence of a building goes to the issue of "reasonable return" not "unique circumstances." "Unique circumstances" has a very different meaning.

The term "unique circumstances" is best understood through a review of three decisions of the Maine Supreme Judicial Court. In *Sibley v. Inhabitants of the Town of Wells*, 462 A.2d 27, 30 (Me. 1983) the Court stated, "However, the mere fact that the lot is substandard is not a unique circumstance, all the undeveloped lots in that neighborhood are of substandard size." In *Waltman v. Town of Yarmouth*, 592 A.2d 1079, 1080 (Me. 1991) the Court stated that, "They (the property owners) concede that the lots in the Littlejohn Island subdivision are generally of substandard size, and hence share the difficulty from which they seek relief by means of a variance. That circumstance, in

itself, is sufficient to support the Board's finding that the hardship is not unique to their lot; the Board properly concluded that, as the difficulty is one imposed by the zoning ordinance on the neighborhood generally, relief must come by way of legislative action — that is, amendment of the zoning ordinance by the town council — and not by variance." Also see *Barnard v. Zoning Board of Appeals of Town of Yarmouth*, 313 A.2d 741, 747, 749 (Me. 1974).

The Gliddens had the burden of establishing their entitlement to a variance, which includes demonstrating that "the need for the variance is due to the unique circumstance of the property and not to the general conditions of the neighborhood." If the variance was granted because their lot was empty, that is an error of law by the Board. If the variance was granted because the lot was small, the evidence is insufficient to establish that they have a unique circumstance of a too small lot rather than owning one of many substandard lots which are of a size consistent with the general conditions in the neighborhood.

The Gliddens citation to *Greenberg v. DiBiase*, while it was persuasive as to the "reasonable return" requirement, does not change the outcome regarding the "unique circumstances" requirement. *Greenberg* stated at ¶6 at page 1179 that, "The record demonstrates that the only other lots in the vicinity of Lot 25 that are of a similar size already contain residential structures or wetlands. All other lots in the area appear to be of sufficient size to meet the setback requirements." That means that the variance was granted not because it was for a rare unbuilt lot but because it, unlike the other lots, was of insufficient size. The fact that an individual owner or even nearly all owners have built on their substandard lots before a zoning change does not entitle someone who comes after the zoning amendment to necessarily have the same opportunity

4

unless all of the requirements for a variance, as properly and strictly interpreted, are met.

The entry is:

Decision of the Shapleigh Board of Appeals granting a variance to Richard Glidden and Rosemary Glidden is reversed.

Dated:       March 30, 2007

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFFS:
BRUCE M READ ESQ
SHEPARD & READ
93 MAIN ST
KENNEBUNK ME    04043-7086


DEFENDANT & PII
RONALD D BOURQUE ESQ
BOURQUE & CLEGG
PO BOX 1068
SANFORD ME    04073

5