STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP 20 02

DOUGLAS ROSENTHAL *et. al.*

v.                                                    ORDER

TOWN of OTISFIELD

Before the court is Petitioners' Motion for Trial of the Facts pursuant to M.R.Civ.P. 80C(b). For the reasons described below, the Motion is Denied and the court will decide the issue on the record.

## FACTS

At this point, the court is only asked to order a trial of the facts on the narrow issue of whether the Petitioner's late appeal to the Town's Board of Appeals is excused by the "good cause" exception. The Defendant Town of Otisfield ("Town") issued Party in Interest Gary Saucier a building permit on August 5, 2020. Saucier's property, as well as property owned by the Petitioners are all part of Moose Pond Shores Subdivision. The Town ordinance requires that any appeal objecting to a building permit be filed within 30 days of the issuance of the permit.

On September 3, 2020, one of the Petitioners learned that the permit was issued. On September 28, the Petitioners appealed to the BOA. The Petitioners contend that the project violates the conditions of the Town's subdivision approval. The BOA dismissed the appeal as untimely. At the BOA hearing, counsel for the Petitioners spoke and submitted documentation. Both Petitioners and Saucier were limited to one speaker.

A Rule 80B Motion for Trial of the Facts is intended to augment the record with relevant facts outside of the record. *Baker's Table v. City of Portland,* 2000 ME 7 ¶ 9. It is not a second

1

trial of the facts established below. *Id.* Typically, a trial of the facts is necessary when there are claims of bias or *ex parte* communications have influenced the proceedings and that would be outside of the record established as part of the administrative record. *Id.* As a result, the Rule requires a *prima facie* showing that there is evidence outside the record putting the process in question and requiring a trial of those facts. *Id.* Otherwise, an appellant's failure to put facts on the record at an administrative hearing does not justify a trial of the facts. *H.E. Sargent v. Town of Wells*, 676 A.2d 920, 926-27 (Me. 1996).

In this case, the Complaint only seeks that the court find "good cause" for the Plaintiffs failure to appeal in a timely fashion the Town's issuance of Saucier's building permit. The good cause issue does require the court to make an appellate determination of an administrative action. *Viles v. Town of Embden*, 2006 ME 107, ¶ 9. Instead, whether the good cause exception excuses an untimely appeal is a judicial decision. *Id.* With that in mind, the court considers the motion for trial of the facts when making the good cause determination.

Two cases shed light on the relationship between a Rule 80B(d) trial of the facts and the good cause determination. In *Boisvert v. King*, the Law Court found that the Superior Court erred when, based on the record, it found that the appeal was timely. 618 A.2d 211, 213 (Me. 1992). The Law Court held, however, because the appellant's request for a trial of the facts had not been decided, the court could not find that the appeal failed on the timeliness issue. *Id.* at 214. Instead, the Court remanded to the Superior Court with the opportunity to renew his motion on the trial of the facts to allege the evidence that brings him into the good cause exception. *Id.*

In *Baker's Table*, the Court cited *Boisvert* to that a trial of the facts was "required . . when there was an issue on the timeliness of an appeal." 2007 ME 7, ¶ 9. The *Boisvert* decision

2

made it clear, however, that the Plaintiff still needed to show evidence that justified a trial on the facts. 618 A.2d at 214.

The court takes away two conclusions from the *Boisvert* and *Baker's Table* decisions. First, a Rule 80B(d) trial of the facts is an appropriate vehicle for a hearing on the existence of the good cause exception. Second, the Plaintiffs must still make a showing that a trial of the facts is warranted before the Court grants the motion. Even though the good faith exception is a judicial determination and not an appellate issue, the court looks first to the administrative record to base its decision and Rule 80B(d) guides our decision on whether the court should augment the record by scheduling a trial of the facts.

The court is convinced that the Plaintiffs either placed on the record or could have placed on the record any evidence necessary for the court to make the good cause determination. The BOA allowed a speaker on the Plaintiffs behalf and an unlimited opportunity for the Plaintiffs to submit documentary evidence. At oral argument and after review of the offer of proof, it appears the benefit of a trial would be to allow the court to assess the credibility of witnesses when considering both the Plaintiffs' understanding of the status of Sauier's building permit and the approval process as of June 22 and the Plaintiffs' reasons for not appealing between September 3 and 28. The history of those events is in the record and is available for the court to review. Therefore, the court can determine the good cause issue from the record and a trial on the facts is not necessary.

Plaintiffs ask for time to brief the good cause issue itself if the court determines not to allow a trial of the facts and to make the decision on the record.

The Entry is:

Motion for Trial on the Facts is DENIED.

3

Plaintiffs to file briefs by April 27.

Saucier's and Town's briefs due by May 13.

Plaintiffs' Reply due by May 20.

The court may decide the issue on the briefs without oral argument.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: April 12, 2021

Thomas R. McKeon
Justice, Maine Superior Court

4