OPINION OF THE COURT
Memorandum.
Orders unanimously reversed, on the law, motions denied and matters remanded for all further proceedings.
Defendant New York Racing Association, Inc. (NYRA) leased the parking field at Aqueduct Racetrack to defendant Barterama, which operated a flea market thereon. Both were charged with violating section 32-41 of the New *588 York City Zoning Resolution. Each made a motion to dismiss the respective accusatory instrument lodged against them on the grounds that activities sanctioned by defendant NYRA on the parking field were immune from the application of the local ordinance and that, in any event, the flea market qualified as a “temporary fair”, an implicit exception to the section in question.
Turning first to the question of immunity, defendant NYRA argues that immunity is conferred by reason of the fact that the State has indicated its intent to pre-empt regulation of the racetrack and that even aside from any question of pre-emption, immunity is conferred because the leasing of the premises for operation as a flea market was a governmental function. We disagree with both prongs of this argument.
The NYRA was formed under the aegis of the State Racing and Wagering Board to further a State purpose of “conducting races and race meetings, improving the racing facilities, increasing the conveniences available to patrons and serving the best interest of racing generally and improving the breed of horses.” It therefore appears that at least where it is acting in furtherance of this purpose, it would not be subject to local zoning ordinances (see Town of Brookhaven v Parr Co. of Suffolk, 47 AD2d 554). Thus decisions made by the NYRA as to placement of racetracks, grandstands, parking fields, concessions, etc., when approved by the State Racing and Wagering Board could not be frustrated by a local legislation. However, it is our opinion that the leasing of the parking field for use as a flea market is not cloaked with immunity of any sort.
It is true, as argued by the NYRA that the leasing brings revenue to the State, which is surely one of its stated purposes. However, its revenue raising activities are limited to racing-connected events (see L 1955, ch 812, § 1, as amd; L 1940, ch 254, § 2, as amd; see Little Joseph Realty v Town of Babylon, 41 NY2d 738). This is not the case here. To hold otherwise in this case would be to sanction any and every use of the racetrack facilities approved by the NYRA without any regard for local zoning ordinances. Such a cavalier approach to local sensibilities was not contemplated by the enabling legislation.
*589 We also disagree with the contention that the flea market qualified as a “temporary fair” and thus is excluded from the operation of the premises in question. That a flea market might be characterized as a “fair” is not necessarily dispositive. The word “temporary” as applied to a fair is, in our opinion, not descriptive of the nature of the structures, which are certainly removable, but to the repetition of the occurrence. The flea market that is involved here, at least as can be learned from the papers before the court, is on a weekly basis for a majority of the year. This is not within the statutory exclusion of a “temporary” fair. It may be that a fuller development of the evidence upon a trial will result in a different conclusion. But suffice it to say that upon the affidavits before this court, there is no basis for concluding otherwise than we do.
In view of the foregoing, we need not reach the People’s contention that a dismissal is not warranted on the ground that the flea market qualifies as a “temporary fair” since the issue was not considered by the court below.
Buschmann, J. P., Kirsch and Kunzeman, JJ., concur.