Mary Douglas MASON, et al.

v.

Patricia CROOKER–MULLIGAN and
Harry C. Crooker.

Supreme Judicial Court of Maine.

Argued Oct. 31, 1989.

Decided March 1, 1990.

Peggy L. McGehee (orally), Perkins, Thompson, Hinckley & Keddy, Portland, for plaintiffs.

Christopher L. Vaniotis (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for defendants.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

Both the plaintiffs, Mary Douglas Mason, James R. and Cecile L. Fuller, Dunbar Oehmig, Anne E. Snow and Annie K. Snow, owners of real property situated near Thomas Point Beach (Beach), and the defendants, Patricia Crooker–Mulligan and Harry C. Crooker, the manager and owner respectively of the Beach, appeal from the judgment of the Superior Court (Cumberland County, *Delahanty, J.*) affirming the decision of the Brunswick Zoning Board of Appeals (ZBA), establishing eleven as the permitted number of annual "open-to-the-public mass gatherings" at the Beach. We modify the judgment and affirm it as amended.

## I

Thomas Point Beach, a privately-owned commercial beach located in Brunswick, is open to the public for a fee. Since approximately 1924, the facility has been used for a variety of outdoor events. In 1969, the Town of Brunswick enacted a zoning ordinance that prohibited commercial outdoor recreation facilities in the district where the Beach is located. The ordinance, however, permitted operation of the Beach to continue as a nonconforming use but provided the use may not be altered, extended or enlarged without a variance.[1] In May, 1984, the plaintiffs made a written complaint to the Town of Brunswick about outdoor concerts at the Beach and requested that the defendants be directed to discontinue the use of the Beach for any such activities. In response, the Code Enforcement Officer found that the Beach "was

merely used as a public beach with no commercial outdoor concerts and camping occurring there" prior to the 1969 ordinance. He issued a stop order directing the defendants "to discontinue any activity of concerts, festivals and camping...." The defendants appealed and the ZBA vacated the order, finding that the Beach had "been used for camping and amplified music prior to the advent of the ... Zoning Ordinance."

By a complaint filed in December 1984 bearing docket number CV–84–1288 (hereinafter case CV–84–1288), the plaintiffs sought judicial review of the ZBA's decision. In March 1986, the Superior Court entered an order setting aside the ZBA's decision, and without retaining jurisdiction of the case remanded it to the ZBA instructing the ZBA, in pertinent part

> to modify the Stop Order to set appropriate limits on the nature and the extent of the nonconforming uses of ... [the] Beach so as to comply with section 301 of the [Ordinance].... *such limits shall at a minimum include the size and number of open-to-the-public mass gatherings permitted per year ....*[2] (Emphasis added).

Two other counts remained pending which were not addressed by the trial court.

After further hearings, the ZBA by a written decision dated July 8, 1986, imposed various limitations on activities at the Beach, but did not place any limitation on the number of "open-to-the-public" mass gatherings permitted each year. By a second complaint bearing docket number CV–86–838 (hereinafter case CV–86–838) filed in August 1986, plaintiffs sought judicial review of the ZBA's decision. The court found that the ZBA had abused its discretion by not setting a limit on such gather-

---

**1.** The relevant provision of the Brunswick zoning Ordinance provides:

> *Sec. 301. Non–Conforming Use.* Any lawful use of land or buildings existing at the time of this Ordinance is enacted, may be continued although it does not conform with the Ordinance; but it may not be altered, extended, or enlarged in any manner or for any purpose, except as a variance as provided in Sec. 1106.

**2.** The defendants filed a motion pursuant to M.R.Civ.P. 59(e) to amend the judgment, arguing, *inter alia,* that the court lacked authority to order the ZBA to set limits on the number of such gatherings each year and that the court had "usurped the functions which properly belong to the local zoning authorities with their more intimate knowledge of the community and *the specific property involved."* This matter was submitted to the court on briefs. The court denied the motion.

ings and remanded the case to the ZBA with directions to set such a limit. Pursuant to M.R. Civ.P. 59(e) the court granted the defendant's motion to amend its judgment to provide that the court retain jurisdiction of case CV–86–838 and that final judgment would not be entered in the case pending the ZBA's decision on remand. After another public hearing on April 26, 1988, the ZBA voted to limit the number of such "open-to-the-public mass gatherings" to eleven and defined the term to mean "an especially advertised event, meeting or assembly." The plaintiffs contended before the trial court that the ZBA should have set the number of such events at one. They argued that this was the number reflected in the July 1986 findings of fact by the ZBA regarding Beach usage in 1969. On April 14, 1989, after a hearing, the court held that the ZBA's decision was not "arbitrary or capricious" and was "based upon sufficient facts taking into consideration the type, number and size of events, and any change in the mix of 'open to the public' and 'private' functions" and affirmed the decision of the ZBA. Accordingly, a judgment was entered for the defendants from which the parties appeal.

## II

The defendants contend that in case CV–86–838 the Superior Court erred in its determination that the ZBA had abused its discretion by not limiting the number of annual open-to-the-public events that could be held at the Beach and in ordering the ZBA to fix such a number. We agree.

■ In the first instance, we address the plaintiffs' contention that by their failure to appeal from the order in case CV–84–1288 the defendants are barred from raising this issue by their appeal from the judgment in case CV–86–838. On remand, in case CV–84–1288 the ZBA based on its findings determined, *inter alia*, not to place a limitation on the number of open-to-the-public events that could be held annually at the Beach. By their complaint in case CV–86–838, the plaintiffs pursuant to M.R. Civ.P. 80B sought judicial review of this decision. After a hearing, the court or-

dered the matter remanded to the ZBA for the purpose of establishing a numerical limit. The court retained jurisdiction of case CV–86–838 pending such a determination by the ZBA. Pursuant to the court's order, the ZBA on remand established the number as eleven. After a further hearing, the court then affirmed the decision of the ZBA and a judgment for the defendants was entered. It is clear from this record that a challenge to the propriety of the interlocutory order of remand to the ZBA to establish the number of annual public events is a proper ground for appeal to this court from the final judgment entered in case CV–86–838, and we so hold.

Turning to the merits of the defendants' contention that the trial court erred by its interlocutory order of remand in case CV–86–838, the record reflects that the ZBA had determined not to limit the number of "open to the public" events conducted annually based on its findings that

> [t]he types of activities, size and type of facilities and the overall attendance has not changed significantly. The change in the mix of "open to the public" and "private" functions does not constitute an alteration, extension or enlargement of a non-conforming use....

On review of this decision the trial court stated, and the record reflects, that "[t]he factual findings [of the ZBA] are not challenged." The court held that the ZBA's conclusion that there had been a change in the mix of "open to the public" and "private" functions, but that "the type of activities had not changed and the overall daily patronage has not increased significantly" and "[t]he maximum daily patronage has declined since 1969" were adequately supported by the facts. The court determined, however, that the ZBA's finding that there was a greater number of "open to the public" events held after 1969 gave rise to the inference that there had been a post–1969 increase in such activity and, accordingly, the ZBA had abused its discretion by not limiting the number of "open to the public" events. The court stated that "to permit unlimited events of this nature constitutes an unlawful extension of the non-

conforming use beyond pre-ordinance levels."

When, as here, the Superior Court acts as an appellate court reviewing the action of the ZBA, we examine the record developed before the ZBA to determine if it abused its discretion, committed an error of law or made findings not supported by substantial evidence. *Mack v. Town of Cape Elizabeth,* 463 A.2d 717, 719 (Me. 1983). We will affirm the decision of the ZBA unless it is unlawful, arbitrary, capricious or unreasonable. *Driscoll v. Gheewalla,* 441 A.2d 1023, 1026 (Me.1982). In *Frost v. Lucey,* 231 A.2d 441, 447 (Me. 1967), we stated:

> A nonconforming use cannot be limited by a zoning ordinance to the precise magnitude thereof which existed at the date of the ordinance, and mere increase in the volume of business done pursuant to a nonconforming use ... cannot be considered an unlawful extension of that use.

We also have recognized that local boards of appeal have discretion in determining whether an activity is within the scope of a permitted nonconforming use. *Id.* at 448.

Here, the plaintiffs had the burden of establishing that in some manner or for some purpose the grandfathered use of Thomas Point Beach had been altered, extended or enlarged by its current use. The issue presented to the ZBA was not what absolute number of open-to-the-public functions would be permissible in the future but whether the current number of such events represented an unlawful alteration, extension or enlargement of the grandfathered use. This presents a question of fact to be determined by the ZBA. On the evidence before it the ZBA determined that there had not been an alteration, extension or enlargement of the non-conforming use of the Beach and placed no limitation on the number of such future events that could be conducted.

At the heart of the plaintiffs' challenge to the ZBA decision was the assumption by the plaintiffs that there was only *one* large public gathering prior to 1969. This is inconsistent with the ZBA's clear finding that there was more than one large public event prior to 1969 in addition to a number of large private gatherings. In establishing the usage of the Beach prior to 1969 the ZBA could not perform its task with scientific exactitude. The ZBA had before it evidence as to the type, number and size of certain events prior to and after 1969 as well as any change in the mix of private and open-to-the-public functions. Based on this evidence the ZBA made findings that were not challenged by either party. Those findings support the ZBA decision that there had been no post–1969 alteration, extension, or enlargement of the nonconforming use of the Beach. *See Keith v. Saco River Corridor Comm'n,* 464 A.2d 150, 155 (Me.1983) (test to be used to determine whether questioned use of property fits within granted nonconforming uses). We have repeatedly stated that when reviewing the record of the proceedings before an agency the court does not make independent factual findings nor does it substitute its judgment for that of the agency. *Mack v. Town of Cape Elizabeth,* 463 A.2d 717, 719–20 (Me.1983). In the instant case, the record supports the findings of the ZBA. Accordingly, it cannot be said that the ZBA abused its discretion by not setting an absolute number of future open-to-the-public functions that could occur at Thomas Point Beach annually. *See Driscoll v. Gheewalla,* 441 A.2d 1023 (Me. 1982).

Because we amend the judgment to delete the number of annual open-to-the-public functions that can be conducted at Thomas Point Beach, we need not address the other issue raised by the plaintiffs on their appeal that the number of such annual events should be restricted to one.

The entry is: Judgment modified to delete the number of annual open-to-the-public mass gatherings that can be conducted at Thomas Point Beach, and, as modified, affirmed.

All concurring.