John W. SENDERS et al.,

v.

TOWN OF COLUMBIA FALLS et al.

Supreme Judicial Court of Maine.

Argued April 26, 1994.

Decided Sept. 6, 1994.

Barry K. Mills (orally), Hale & Hamlin, Ellsworth, for plaintiffs.

Charles E. Gilbert, III (orally), Gilbert Law Offices, P.A., Bangor, Francis J. Hallissey (orally), Machias, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

DANA, Justice.

John W. Senders and Ann Crichton–Harris appeal from a judgment of the Superior Court (Washington County, *Marsano, J.*) affirming the decision of the Columbia Falls Shoreland Zoning Board of Appeals granting the Down East Salmon Federation a permit to continue construction of a salmon fry hatchery on a site across the street from the Senders–Crichton–Harris home. Because we agree with the Superior Court that the property, owned by a state agency and leased to a private entity to promote a state interest, is not subject to local zoning, 30–A M.R.S.A. § 4352(6) (Pamph.1993), we affirm the judgment.

In September 1992 the Town of Columbia Falls Planning Board issued a permit to Down East, an unincorporated association of sports-fishing and river clubs, to continue construction of a salmon fry hatchery on a lot of land adjacent to the Pleasant River. Down East was the lessee of the property owned by the Maine Atlantic Sea Run Salmon Commission, a state agency that promotes and manages programs for the propagation

of salmon. *See* 12 M.R.S.A. § 6251–A (1994). The terms of the lease provided that Down East would use the property to operate a salmon fry hatchery for four years, subject to renewal, without paying rent but with responsibility for all maintenance and repairs.

The former owners of this riverfront property, Senders and Crichton–Harris, live across the street from the proposed hatchery. In fact, Senders and Crichton–Harris once operated a small hydroelectric plant in the proposed hatchery building. Down East's expansion of the building, which was almost completed at the time it applied for a permit, included a second floor which obstructed the former owners' view of the water. Senders and Crichton–Harris appealed the Planning Board's granting of the permit to the Zoning Board of Appeals on the ground that the hatchery did not qualify as a "functionally water dependent operation" exempt from a seventy-five foot setback requirement under the terms of the Columbia Falls Shoreland Zoning Ordinance.[1]

After two public hearings, the Zoning Board of Appeals voted to affirm the Planning Board. Senders and Crichton–Harris appealed to the Superior Court pursuant to M.R.Civ.P. 80B. The court denied relief on the ground that the state, as the owner of the property and manager of the hatchery, was "fully involved" in the project and therefore the zoning ordinance could not be enforced pursuant to 30–A M.R.S.A. § 4352(6).[2] Senders and Crichton–Harris filed this timely appeal.

■ We review directly the record before the board to determine if the board abused its discretion, committed an error of law, or made findings not supported by substantial evidence. *Boisvert v. King*, 618 A.2d

211, 213 (Me.1992). We affirm the board's decision unless it is unlawful, arbitrary, capricious, or unreasonable. *Mason v. Crooker–Mulligan*, 570 A.2d 1217, 1220 (Me.1990). Senders and Crichton–Harris argue that the Zoning Board of Appeals erroneously concluded that the state is substantially involved in the hatchery operation thereby exempting the property from Columbia Falls's shoreland zoning ordinance.

■ Senders and Crichton–Harris first argue that the Zoning Board of Appeals' interpretation of section 4352(6) was incorrect as a matter of law. On two occasions we have had to determine whether there was sufficient state involvement in a project to qualify for an exemption from local zoning laws. In *Penobscot Area Housing Dev. Corp. v. City of Brewer*, 434 A.2d 14 (Me.1981), we held that a private corporation that wanted to set up a group home for the mentally disabled was not entitled to the exemption. Section 4352(6) does not authorize the suspension of legitimate zoning regulations for private entities serving state interests unless there is a showing of compelling need, and "unless existing, as well as continuing, state involvement of a substantial nature has been established by the party claiming the exemption." *Id.* at 20. Similarly in *Northern Maine Gen. Hosp. v. Ricker*, 572 A.2d 479, 483 (Me.1990), we held that a private hospital had failed to show the requisite state involvement to qualify for the exemption.

■ Both of these cases involved private nonprofit corporations arguing that they were exempt from local zoning because their activities, although on private property, were in pursuit of state interests. The instant case is quite different in that although Down

---

1. Senders and Crichton–Harris argued that the hatchery did not require direct access to the water and therefore was not functionally water dependent as defined in the zoning ordinance and the statute on which Columbia Falls Shoreland Zoning Ordinance is based. *See* 38 M.R.S.A. § 436–A(6) (1989). They also argued that Down East's proposed use of the second floor for educational purposes did not qualify as water dependent. Because we hold that the land was exempt from the local zoning requirements, we do not reach the issue of whether these uses were "functionally water dependent" pursuant to

Columbia Falls's zoning ordinance. We note, however, that the Planning Board's original permit to Down East specifically limited the use of the building for a hatchery, which in the board's decision, was water dependent. The board specified that any use as an educational facility would be allowed only "so long as it is ancillary to the fish hatchery."

2. This subsection reads: "Any zoning ordinance is advisory with respect to the state." 30–A M.R.S.A. § 4352(6).

East is a private entity claiming the exemption, the land in issue is owned by the state. Nevertheless, although state ownership of land is an important factor, when the state leases land to a private entity, state ownership alone is not enough to preclude the application of local zoning regulations. There must be some showing that the use of the state's land is in furtherance of a state purpose or governmental function. *See, e.g., Campbell v. City Council of Lynn,* 32 Mass. App.Ct. 152, 586 N.E.2d 1009 (1992); *People v. New York Racing Ass'n, Inc.,* 116 Misc.2d 587, 457 N.Y.S.2d 668 (N.Y.App.Term 1982). *See also* 6 Patrick J. Rohan, Zoning and Land Use Controls § 35.05 (1990); Allan Manley, Annotation, *Applicability of Zoning Regulation to Nongovernmental Lessee of Government–Owned Property,* 84 A.L.R.3d 1187 (1978 & Supp.1994).

■ The Zoning Board of Appeals found that there was sufficient state involvement in the Down East salmon hatchery project to qualify for the exemption from local zoning law. Senders and Crichton–Harris argue that the record does not support the Board's specific finding that Down East would be working closely with the state and that state biologists and other state employees would be on site regularly. Applying the substantial evidence standard, we review the entire record to determine whether the Zoning Board of Appeals could fairly and reasonably find the facts it did. *Town of Vienna v. Kokernak,* 612 A.2d 870, 872 (Me.1992). We conclude that the record supports the factual findings. In the proposal that Down East submitted to the Planning Board, Down East stated that a biologist from the commission would serve in a supervisory capacity. In the lease itself, the commission makes it clear that the property is leased to Down East rent free to induce Down East to build and operate a hatchery to further the objectives of the commission and benefit the State of Maine. In fact, the entire purpose behind the Maine Atlantic Sea Run Salmon Commission is to "undertak[e] projects in research, planning, management, restoration and propagation of the Atlantic Sea Run Salmon in the State." 12 M.R.S.A. § 6251–A(1). The record supports the finding that the state was substantially involved in Down East's hatchery project.

The entry is:

Judgment affirmed.

All concurring.