STATE OF MAINE

CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS.
CLERK'S OFFICE

FEB 11  10 25 AM '02  RAC- CUM- 2/11/2002

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-049

RAYMOND WAITE,

Petitioner

v.                                          ORDER

DONALD C
LAW...

TOWN OF YARMOUTH

Respondent                                  FEB 14 2002

Pending is Petitioner's 80B appeal from Town of Yarmouth Planning Board's decision of August 8, 2001, to grant approval of an application for expansion of the Skinner House, on Little John Island, in Yarmouth. Following hearing on February 5, 2002, the decision of the Yarmouth Planning Board Board) will be affirmed.

*Facts*

Mark and Evan Skinner applied to the Yarmouth Planning Board for permission to renovate and expand their house at 163 Littlejohn Road in Yarmouth. **Planning Board Minutes (PB), 6-27-01.** At its March, April, and June meetings, the Board considered, but did not finally approve the proposal, nor its amended versions. **Agenda Item #I, PB, 6-27-01.** At its June meeting, the Board approved all aspects of the proposal, except the total allowable square footage of the expansion which, the Board calculated, had to be reduced to 1918 square feet. **PB, 6-27-01.** On July 9, the Skinners submitted a revised proposal in alleged conformity with the square footage reduction required. **Skinner Amendment to Application, 7-9-01.** The proposal was tabled at the Board's July meeting, pending review of the June findings. **PB, 7-25-01.** The Skinners submitted a second amended proposal in August. The Board found the August proposal "substantially consistent with the permit criteria and performance standards." **PB, 8-8-01.**

*Standard of review*

In an 80B appeal, the Court must decide whether there was an abuse of discretion, erroneous interpretation of the law or findings not supported by substantial evidence in the record. *Senders v. Town of Columbia Falls*, 647 A.2d 93, 94 (Me. 1994). The Board's decision will be affirmed, unless it is unlawful, arbitrary,

1

capricious, or unreasonable. *Id.* The Board's findings will not be disturbed if supported by substantial evidence contained in the record. *Palesky v. Town of Topsham*, 614 A.2d 1307, 1309 (Me. 1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. *Id.* The interpretation of provisions in a zoning ordinance is a question of law for the Court. *Town of Union v. Strong*, 681 A.2d 14, 17 (Me. 1996).

*Discussion*

The property at issue is in the Shore Overlay District. According to the Yarmouth Zoning Ordinance, the following restrictive provisions apply to this area: "If any portion of a structure is less than 75 feet from the normal high-water line of a water body or upland edge of a wetland, the portion of the structure within 75 feet may be expanded in floor area or volume by 30% or less, during the lifetime of the structure." Yarmouth Zoning Ordinance, IV.R(6)(a)(3)(a). The provision describes "floor area" as "the sum of the horizontal areas of the floor(s) of a structure enclosed by exterior walls, plus the horizontal area of any unenclosed decks, and porches. *Id.*

Raymond Waite, a neighbor, who may be considered an abutter for purposes of this motion,[1] contends that, according to the ordinance, the "floor area" should be extended to the exterior walls. The Skinners understand "floor area" to mean the area of floor within "a structure enclosed by exterior walls," because the phrase "enclosed by exterior walls" modifies the word, "structure," not floor(s). The Court holds the Skinners' interpretation to be valid. The ordinance contains no comma after "structure," that might imply "floor(s)" is to be modified by the phrase, "enclosed by exterior walls." Moreover, it is illogical that "floor area" would extend to exterior walls, without space for insulation, electric circuitry, plumbing, etc. Whereas it is logical that the ordinance apply to a structure "enclosed by exterior walls."

At its August 8, 2001 meeting, the Yarmouth Planning Board found the Skinner House proposal, submitted on August 2, to "describe a residence expansion/relocation for the existing Skinner house *substantially consistent with the permit criteria and performance standards*" in the Yarmouth Zoning Ordinance IV.R. **PB, 8-8-01, Findings of Facts and Decision, 5** (emphasis added). Petitioner's contentions that the Skinners inappropriately included a six foot square shed in their base calculations, and excluded some expanded floor area in the basement and attic, are not sufficient to affect the Board's finding of substantial compliance with the ordinance.

---

[1] The Law Court has determined that an individual who lives in "close proximity" to the property at issue may be considered an "abutter." *Sahl v. Town of York*, 2000 ME 180, ¶ 9, 760 A.2d 206, 269, quoting *Brooks v. Cumberland Farms, Inc.*, 1997 ME 203, ¶ 8, 703 A.2d 844, 847 (stating that a landowner directly across the street, although not sharing a common boundary, is nevertheless an abutter for purposes of standing.)

2

Petitioner's appeal to reverse the Yarmouth Planning Board's findings on August 8, 2001, that the Skinner House substantially complies with the Yarmouth Zoning Ordinance for the Shoreland Overlay District, is DENIED.

Dated:        February __11__, 2002

Roland A. Cole
Justice, Superior Court

Date Filed 09-05-01    Cumberland    Docket No. AP-01-049

County

Action RULE 80B APPEAL

RAYMOND WAITE                          TOWN OF YARMOUTH PLANNING &
                                       DEVELOPMENT BOARD
                                  vs.  MARK and EVAN SKINNER

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| NEAL L. WEINSTEIN, ESQ. 32 Saco Avenue, P.O. Box 660 Old Orchard Beach, ME 04064-0660 (207) 934-2173 | CHRISTOPHER VANIOTIS, ESQ   (YARMOUTH) PO BOX 9729 PORTLAND, ME 04104 774-1200 Andrew W. Sparks   (Skinner's) One Monument Way Portland, Maine 04101 |

Date of
Entry