STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-012

DONALD L. GARBRECHT
LAW LIBRARY

JAN 9 2003

THOMAS LEAKE, JONEL THAMES LEAKE,
EDWIN LEAKE, MARGERY LEAKE,
JOHN RUMMLER, GEORGE SIMMONS,
LYNN SEWARD & AARON HENDERSON,

Plaintiffs

v.

ORDER

TOWN OF KITTERY, RONALD SPINNEY,
& JEAN SPINNEY

Defendants

Thomas Leake, Jonel Thames Leake, Edwin Leake, John Rummler, George Simmons, Lynn Seward and Aaron Henderson (collectively, the Plaintiffs) have brought this M.R.Civ.P. 80B appeal.

## FACTS

The present case came about because the Plaintiffs believe that at some point between 1977 and September 21, 1984, Ronald and Jean Spinney, defendants in this action, or others, unlawfully expanded their "grand-fathered" non-conforming use by adding picnic tables at their restaurant located on the Chauncey Creek Road in Kittery Point, Maine, known as the Chauncey Creek Lobster Pier. The Plaintiffs alleged that the restaurant's additional seating capacity generated a higher volume of traffic in their neighborhood, which in turn caused congestion and parking problems.

In 1977 the Town of Kittery adopted a Land Use and Development Code Zoning Ordinance (Ordinance), which included a non-conforming use provision. Under the

Ordinance, the Spinney's restaurant was classified as a non-conforming use. Essentially, the Plaintiffs claim that the Spinneys' seating capacity should be limited to what it was in 1977. The following series of events occurred leading up to the Plaintiffs' appeal to this court:

1) In September of 1984, the Spinneys went to the Town of Kittery's Zoning Board of Appeals (ZBA) to request a variance to expand the restaurant's parking lot onto a neighboring lot. The ZBA met and unanimously approved the variance with the condition that the present facilities not be expanded. This decision was never appealed.

2) Jonel Thames Leake filed a written complaint dated June 13, 2001, with the Town of Kittery's Code Enforcement Officer (CEO), requesting an investigation to determine whether the Spinneys' restaurant, which had its seating expanded after 1977, violated the zoning laws. Ms. Leake noted that the earlier ZBA approval of the Spinney's variance request stated that the restaurant facility would not be expanded.

3) In a letter dated July 5, 2001, the CEO replied that the Spinneys were in compliance with zoning laws and decisions of the ZBA, but that he might re-assess his findings if additional, credible information came to light.

4) Nevertheless, the CEO investigated whether the Spinneys had unlawfully expanded the Restaurant's seating capacity after 1984. The CEO concluded that the seating had been expanded and therefore he issued the Spinneys a written Notice of Violation on July 27, 2001.

5) The Spinneys appealed the Notice of Violation to the ZBA, which held a hearing on September 11, 2001. In a unanimous vote, the ZBA concluded that

2

the seating at the Spinney's restaurant had not increased after 1984, overturning the CEO's Notice of Violation.

6) The following day, Ms. Leake faxed the CEO a new request to issue the Spinneys a Notice of Violation based on evidence presented at the September 11 hearing in which Ronald Spinney and others admitted adding picnic tables to the restaurant between 1977 and 1984.

7) On September 13, 2001, the CEO wrote back to Ms. Leake, informing her that Spinneys were not in violation of the Ordinance. In particular, the CEO stated that the Spinneys had not violated a section of the Ordinance, made effective February 14, 1985, that prohibited the expansion of a non-conforming use.

8) On October 11, 2001, Ms. Leake appealed the CEO's refusal to take action against the Spinneys. As a result, the ZBA met on November 13, 2001 to hear testimony regarding the Plaintiff's appeal, continuing the matter to December 11, 2001. On the latter date the ZBA unanimously voted to dismiss Ms. Leake's appeal because there was a lack of jurisdiction based on Ms. Leake's failure to appeal the 1984 ZBA decision.

9) On January 25, 2002, pursuant to M.R.Civ.P. 80B, the Plaintiffs filed the present appeal from the ZBA decision on December 11, 2001. On March 6, 2002, this court granted the Plaintiff's motion to join as Defendants, Ronald Spinney and Jean Spinney.

## DISCUSSION

When acting in an intermediate appellate capacity, this court will review the decision of the ZBA to determine whether it had abused its discretion, erroneously interpreted the law, or made findings that were unsupported by substantial evidence in

the record. *See* Rockland Plaza Realty Corp. v. City of Rockland, 2001 ME 81, ¶7, 772 A.2d 256, 259. This court will affirm the ZBA's decision unless it was "unlawful, arbitrary, capricious, or unreasonable." Senders v. Town of Columbia Falls, 647 A.2d 93, 94, (Me. 1994).

The facts developed in the record show that the September, 1984 ZBA decision dealt with a variance for additional parking and did not directly address the issue of whether the seating capacity had been increased since 1977. It explicitly stated that the "present business facilities will not be expanded", but there is no clear finding that they had been expanded since 1977. Hence, for present purposes, the lack of an appeal from the 1984 ZBA decision is not a bar to a claim that the non-conforming use has been expanded without proper authority sometime between 1977 and 1984.

Nonetheless, I must determine whether the Plaintiffs' failure to appeal the ZBA decision of September 11, 2001 had a *res judicata* effect.

At the September meeting, the Plaintiffs were represented by an attorney who spoke out on the issue of whether the Spinneys were in violation of the Ordinance prior to 1984, as opposed to post 1984. In addition, some of the Plaintiffs were able to present their views to the ZBA at the meeting. Throughout the proceedings on September 11, 2001, however, the Chairman made it clear that the only issue the ZBA would decide was whether the Spinneys were in violation of a variance issued on September 21, 1984. The Chairman also stated that the Spinneys' expansion since 1977 could be dealt with in a separate proceeding. The ZBA's conclusions did not address the expansion of the restaurant's seating prior to September 1984. Most importantly, the subject matter of the September 11, ZBA hearing was the Spinneys' appeal of the CEO's July 27 determination that they had expanded the business beyond that authorized by the 1984 decision. The CEO's decision did not address pre-1984 expansion. Thus, the ZBA chair

4

was legally correct when he opined at the September 11 hearing that the ZBA's jurisdiction relating to pre-1984 expansion had not been invoked in the appeal then under consideration before the ZBA. The Plaintiffs, by trying to raise the pre-1984 expansion issue at the September 11 ZBA hearing, contributed to this confusion. However, in the final analysis, if the ZBA did not have subject matter jurisdiction of the pre-1984 expansion at its September 11 hearing, then the failure to appeal that ZBA decision cannot be a bar to this appeal.

Finally I must also determine whether the Plaintiffs failed to timely appeal the CEO's decision embodied in his letter to Ms. Leake on July 5, 2001. The issue is whether the CEO's letter was a final decision. Although the CEO states that he deemed the Spinneys to be in compliance with the Ordinance, he left open the possibility that additional, credible information might cause him to re-assess his findings. This letter was one of a series of communications between Plaintiffs and the CEO; was not captioned as an "order" or "decision"; was equivocal in nature and did not provide notice of appeal rights. Therefore, the CEO did not render a final decision which, because it was not appealed, bars this claim. See Town of Freeport v. Greenlaw, 602 A.2d 1156, 1159-60 (Me. 1992).

WHEREFORE, this court shall **GRANT** the Plaintiffs' 80B appeal insofar as it vacates the December 11, 2001 decision of the ZBA, remanding the matter back to the ZBA for a further evidentiary hearing pertaining to the issue of the expanded seating capacity at the Spinney's restaurant between 1977 and September 1984.

Dated: January 6 , 2002

PLAINTIFFS:   Karyn Forbes, Esq.
              SHAHEEN & GORDON
              PO BOX 977
              DOVER NH   03821-0977

G. Arthur Brennan
Justice, Superior Court

DEFENDANT: KITTERY:   Duncan McEachern, Esq.
                      MCEACHERN & THORNHILL
                      PO Box 360
                      Kittery Me   03904-0360

DEFENDANTS:   Ronald &   Jean Spinney
              Sanford Roberts, Esq.
              PO Box 4608
              Portsmouth NH   03802-4608