STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-070

GAB- YOK- 3/10/2004

FRED FITANIDES,

Plaintiff

v.

**ORDER**

RICHARD LAMBERT, et al.,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

APR 23 2004

Before this court is Plaintiff, Fred Fitanides' Motions for Trial of the Facts and Motion to request that this Court specify the future course of proceedings, pursuant to M. R. Civ. P. 80B(d) and (i). Following hearing, the Motions are Denied.

## FACTS

On May 7, 2002, Defendant, Saco Planning Board ("Planning Board") held the first hearing regarding Defendant, H. Paul Deshaies' ("Deshaies") application for three permits to divide a parcel of land and construct a condominium development on the property. On June 11, 2002, the Planning Board granted the site plan and conditional use approval. Conversely, however, on August 5, 2002, Defendant, Saco Zoning Board of Appeals ("ZBA") reversed the conditional use approval. Thereafter, Defendant Deshaies applied for a second conditional use approval, which was granted on August 27, 2002. The ZBA, however, reversed the second conditional use approval on October 28, 2002. Accordingly, on November 12, 2002, the Planning Board granted approval of a third conditional use and an amendment of the site plan to Defendant Deshaies.

Plaintiff Fitanides appealed the third conditional use approval to the ZBA, which was affirmed. Consequently, Plaintiff Fitanides appealed several of these approvals to

the York County Superior Court. These actions were consolidated and the decisions were affirmed by the York County Superior Court. Subsequently, Plaintiff Fitanides appealed the decision of the York County Superior Court to the Law Court.[1]

On October 27, 2003, Defendant Deshaies filed a letter requesting a six-month extension of the conditional use and site plan approval, granted by the Planning Board of November 12, 2002. Plaintiff Fitanides was notified of a hearing regarding the request to be held on November 4, 2003. Plaintiff Fitanides attended the hearing, but was not allowed to present evidence, because the Planning Board did not open the hearing to the public. At the conclusion of the hearing, the Planning Board decided to approve Defendant Deshaies' extension request.

On December 3, 2003, based on these events, Plaintiff Fitanides appealed the decision of the Planning Board to the York County Superior Court, pursuant to M. R. Civ. P. 80B.

## ARGUMENT

Plaintiff Fitanides argues that the failure of the Planning Board open the November 4, 2003, hearing to the public was in violation of § 1111 of the City of Saco Zoning Ordinance. Plaintiff Fitanides asserts that if the Planning Board had opened the hearing up to the public he would have presented evidence requiring the Board to deny the extension request. (See Plaintiff Fitanides Memorandum of Law In Support of Motion For Trial of Facts at 2-9.) Thus, Plaintiff Fitanides seeks a trial of the facts and specification as to the future course of proceedings in regard to the independent claims he asserts in his Complaint.

---

[1] On March 8, 2004, the Law Court ordered a remand to the Planning Board for further proceedings. Decision 2004 Me. 32.

Conversely, however, Defendants Deshaies and the City of Saco ("Saco") contend that there is sufficient evidence available in the record to support the Planning Board's decision. Accordingly, they argue, a trial of the facts is not necessary. Moreover, Defendants Deshaies and Saco assert that Plaintiff Fitanides Motion to Specify the Future Course of Proceedings should be denied, because his alleged independent claims can be disposed of through his Rule 80B appeal.

## DISCUSSION

In Rule 80B appeals, the court must decide whether there was an abuse of discretion, erroneous interpretation of the law or findings not supported by substantial evidence in the record. Senders v. Town of Columbia Falls, 647 A.2d 93, 94 (Me. 1994); Grant's Farm Assoc. Inc. v. Town of Kittery, 554 A.2d 799, 801 (Me. 1989). The board's decision will be affirmed unless it is unlawful, arbitrary, capricious, or unreasonable. Senders v. Town of Columbia Falls, 647 A.2d at 94. The board's findings will not be disturbed if supported by substantial evidence contained in the record. Palesky v. Town of Topsham, 614 A.2d 1307, 1309 (Me. 1992).

### 1. Plaintiff's Rule 80B(d) Motion

Plaintiff Fitanides argues that he is entitled to a trial of the facts, because he was denied an opportunity by the Planning Board to present relevant evidence regarding the site plan approval and extension. Specifically, Plaintiff Fitanides asserts that the Planning Board refused to open the hearing to take evidence in regard to § 1111 of the City of Saco Zoning Ordinance.

The Saco Zoning Ordinance provides, in relevant part:

[i]f substantial construction is not commenced within twelve (12) months of the Planning Board's approval of a site plan, the site plan approval shall be null and void. Substantial construction shall mean the completion of a foundation, addition or other evidence satisfactory to the Planning Department. The deadline may be extended for one additional

3

six (6) month period by the Planning Board upon the written request of the applicant. The written request for an extension must be submitted before the date of expiration of the site plan approval. After the site plan approval has expired or extension denied by the Planning Board, the applicant may reapply for site plan review at any time without prejudice.

The Planning Board shall approve the request for an extension unless the Board has become aware of one of the following:

    a.    additional information that indicates that the plan does not meet the standards of the zoning ordinance;

    b.    failure to meet a condition of approval;

    c.    an amendment in the zoning ordinance that prohibits or alters the proposed site plan.

(Saco Zoning Ordinance § 1111.) Here, Defendant Deshaies requested an extension with the Saco Planning Board. In regard to this request, the Planning Board notified Plaintiff Fitanides that a hearing would be held. Accordingly, on November 4, 2003, the Planning Board decided to grant Defendant Deshaies request, without a public hearing.

Although Plaintiff Fitanides argues that there exists substantial evidence that was not presented to the Planning Board in regard to this decision to grant Defendant Deshaies request, this court disagrees. The record contains the applicable zoning ordinance sections, the record of the hearing before the Planning Board, the Planning Boards decision, on which the court can make an educated decision regarding the legal issues presented in this case. In addition, the zoning ordinance does not entitle the public to comment on the factors regarding the extension. Therefore, this court finds that there exists substantial evidence available in the record to decide the issues presented. See Baker's Table, Inc. v. City of Portland, 2000 ME 7, ¶ 9, 743 A.2d 237, 240-41. (holding that "the purpose of Rule 80B(d) is to allow the parties to an appeal of a governmental action to augment the record presented to the reviewing court with those facts relevant to the court's appellate review of agency action. Rule 80B(d) is not

4

intended to allow the reviewing court to retry the facts that were presented to the governmental decision maker, nor does it apply to any independent civil claims contained in the complaint. Rather, it is intended to allow the reviewing court to obtain facts *not in the record* that are necessary to the appeal before the court.") (citation omitted).

Additionally, this court notes that Plaintiff Fitanides argument that he was not provided an opportunity to speak at the hearing regarding Defendant Deshaies' site plan approval does not constitute a denial of his procedural due process rights.

> Although we have reviewed municipalities' zoning procedures under constitutional standards, *see Vella v. Town of Camden*, 677 A.2d 1051, 1054 (Me. 1996) (finding "no evidence . . . that public notice was constitutionally deficient"); *F.S. Plummer Co.*, 612 A.2d at 861-62 (finding that "the notice provided was constitutionally sufficient"), we have never explicitly extended a specific right to procedural due process to an abutting landowner adversely affected by a zoning ordinance.

Crispin v. Town of Scarborough, 1999 ME 112, ¶ 18, 736 A.2d 241, 241 n.7. In the case at bar, Plaintiff Fitanides was given an opportunity to speak at every hearing regarding the Defendant Deshaies' site plan approval. Also, Defendant City did notify Plaintiff Fitanides, even though it was not required to do so, of the November 4, 2003 meeting regarding the extension request. Consequently, this court finds that Plaintiff Fitanides' procedural due process rights have not been abridged.

### 2. Plaintiff' Rule 80B(i) Motion

Next, Plaintiff Fitanides asserts that since his Complaint contains an independent basis for relief (Count III), he should be entitled to have this court specify the future course of proceedings, pursuant to M. R. Civ. P. 80B(i).

In Count III Plaintiff Fitanides requests declaratory relief from this court, and argues that the Defendant Deshaies site plan permit is null and void under § 1111 of the

Saco Zoning Ordinance. The relief Plaintiff Fitanides seeks, however, can be addressed and is fully available to him on direct appeal, pursuant to M. R. Civ. P. 80B. See Fitanides v. Perry, 537 A.2d 1139, 1141 (Me. 1988) (holding that "[w]hatever relief Fitanides seeks in the declaratory judgment action was fully available to him on direct appeal.") Accordingly, this court denies Plaintiff Fitanides' request to specify the future course of proceedings.

## ORDER

WHEREFORE, this court **DENIES** Plaintiff, Fred Fitanides' Motions for Trial of The Facts and Motion to Request That This Court Specify The Future Course of Proceedings, pursuant to M. R. Civ. P. 80B(d) and (i).

Dated:      March 10, 2004

G. Arthur Brennan
Justice, Superior Court

```
Fred Fitanides - PL - pro se
Christopher L. Vaniotis, Esq. - DEFS. H. PAUL DESHAIES & PROPERTIES BY THE SEA, LLC
Timothy Murphy, Esq. - DEFS. CITY OF SACO et als
```