STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, SS                                          Civil Action
                                                        Docket No. AP-07-045

                     7000 FEB 26  P 3: 56

A & M PARTNERS, LLC,

            PLAINTIFF

      v.                                          DECISION AND JUDGMENT
                                                       (M.R.Civ.P. 80B)

CITY OF PORTLAND,

            Respondent

## I. BEFORE THE COURT

This matter comes before the court on the petitioner's Rule 80B appeal from a decision of the Zoning Board of Appeals (ZBA) for the City of Portland (the City) denying A&M's building permit application because the proposed use was prohibited under the City's zoning ordinance.

## II. PROCEDURAL HISTORY AND BACKGROUND

The petitioner, A&M Partners, LLC (A&M), owns real property located at 105-107 Washington Avenue in Portland. Currently, this property houses an unused automobile repair garage. The property is located within Portland's B-2b Zone. In May 2007, A&M applied to the City for a general building permit to develop the property into an office building. A&M then entered into a ten-year lease with the State of Maine, contingent upon the City's approval of the application, that the State would use the redeveloped office area as an office for the Department of Corrections. The State plans for ten to eleven probation officers to use the space, along with supervisors and clerical staff, and the office would contain a reception area/waiting room. The office would have regular business hours.

Before reaching a decision on A&M's application, the City's Zoning Administrator, Marge Schmuckal (Schmuckal), requested more information from A&M regarding parking. After receiving the information, Schmuckal approved A&M's application with certain conditions. However, approximately two weeks later, Schmuckal reversed her decision, after having "revisited the actual use of the building." She then determined that the proposed office would not be a typical office but would, in fact, be a governmental office, which is treated differently under the City's zoning ordinance. The City denied the application.[1]

A&M appealed the denial of its application, specifically addressing the City's determination that the probation office would not be permitted under the ordinance. On August 2, 2007, the ZBA held a hearing to address A&M's appeal. At the hearing, several neighboring property owners opposed the office space, expressing their concerns about "ex-cons" in the area and generally voicing the opinion that "this may not be the right place" for a probation office. A&M attempted to address these concerns, noting that there had been no problems with the State's current probation office on Congress Street. A&M also argued that the proposed office was a permitted use and that the City had, in the past, read the ordinance broadly to permit various governmental uses in other zones.

After a hearing, the ZBA upheld the Schmuckal's denial of A&M's application, deciding that the proposed office space was prohibited within the B-2b Zone, because

---

[1] The plaintiff contends that City Councilor Cheryl Leeman, whose son owns property across the street from the premises at issue here, opposed the application. The information in the record regarding such opposition is limited to an email sent by Leeman to Lee Urban asking that the hearing date be rescheduled, and her name included in a list of opponents in the ZBA's decision. If she also spoke in opposition to A&M's application at the hearing, she is not identified in the transcript, as some speakers are listed as "unidentified man" or "unidentified woman."

that zone did not expressly provide for governmental offices, and the State's use of the premises would be a governmental use. A&M then timely filed this Rule 80B appeal.

## II. DISCUSSION

### A. Standard of Review.

This court will uphold a board's decision unless that decision is an abuse of discretion, contrary to law or lacks the support of substantial evidence on the record. *Uliano v. Bd. of Envt.l Prot.*, 2005 ME 88, ¶¶ 6-7, 876 A.2d 16, 18. The interpretation of a zoning ordinance is a question of law that the court reviews *de novo. Brackett v. Town of Rangeley*, 2003 ME 109, ¶ 15, 831 A.2d 422, 427. However, the court may not substitute its own judgment for that of the Board on factual determinations. *Forbes v. Town of Southwest Harbor*, 2001 ME 9, ¶ 6, 763 A.2d 1183, 1186.

#### 1. Government Use

As the Law Court has explained, "the terms or expressions in an ordinance are to be construed reasonably with regard to both the objectives sought to be obtained and the general structure of the ordinance as a whole." *Gensheimer v. Town of Phippsburg*, 2002 ME 22, ¶ 22, 868 A.2d 161, 167 (quotations and citations omitted). However, the court should "look first to the plain language of the provision to be interpreted." *Id.* The court also "must construe an ordinance reasonably to avoid an absurd result." *Lipman v. Town of Lincolnville*, 1999 ME 149, ¶5, 739 A.2d 842, 843.

A&M argues that its proposed use is permitted under section 14-182(b)(1) of the City's Ordinance, which allows for "general, business and professional offices, as defined in section 14-47" in the B-2b zone. While section 14-47 defines the term

3

"professional office,"[2] it does not provide a definition for either a "general office" or a "business office." According to A&M, the language of the Ordinance is broad enough to encompass a government probation office under any of the three terms. Furthermore, A&M contends that government offices are not excluded from section 14-182, and that they were not specifically included when the section was adopted because local zoning laws were not binding on the State at that time.[3] Thus, it contends that the City's interpretation of the Ordinance concerning the B-2b zone is in error.

The City first points to section 14-184 which states that "[u]ses not enumerated in sections 14-182 and 14-183 as either permitted uses or conditional uses are prohibited." Next, the City compares the provision concerning the permitted uses within the B-2b zone with the provisions concerning the permitted uses in the B-4, B-5, B-5b, and B-7 zones, which expressly permit governmental uses and differentiate them from general, business, and professional offices. *See* City of Portland Code of Ordin. §§ 14-229.11, 14-230.1 and 14-295. The City notes that governmental uses under those sections are considered "institutional" uses, while general, business, and professional offices are found under the rubric of either "business" or "commercial" uses. Because governmental uses are expressly allowed in certain zones but not in the B-2b zone, the City concludes that the Ordinance does not permit governmental uses in the B-2b zone.

---

[2] The term "professional office" is defined as "[t]he office of a doctor, dentist, optometrist, psychologist, accountant, lawyer, architect, engineer or similar professional." City of Portland Code of Ordin. (Me.) § 14-47 (2007).

[3] A&M cites 30-A M.R.S. § 4352(6) (1988) and *Senders v. Town of Columbia Falls*, 647 A.2d 93 (Me. 1994) for the proposition that zoning ordinances were advisory with respect to the State at the time section 14-182 was adopted. In *Senders*, the Law Court determined that state property that was leased to a private entity was exempt from zoning regulation pursuant to section 4352(6) because the land was being used to further state objectives. *Id.* at 94-95. The current version of section 4352(6) generally requires the State to comply with zoning ordinances, but allows the Governor to waive restrictions if certain criteria are met.

## 2. Judicial Review

A&M asserts that the City's current interpretation of the permitted uses of the B-2b zone is inconsistent with prior interpretations of the ordinance. It points to a list of governmental uses that currently exist in certain zones even though the ordinance does not expressly permit them.[4] The City argues that A&M failed to present evidence at the hearing that the ZBA had ever interpreted the ordinance to allow for governmental uses in the B-2b zone, or that the one governmental use that does exist in the B-2b zone, the Social Security Administration, was approved *after* the adoption of section 14-182.[5] However, the ZBA did not address this issue at all in its written decision to deny A&M's application. Rather, the decision merely noted that the ZBA had determined that A&M had not satisfactorily demonstrated that Schmuckal's interpretation of the ordinance was incorrect. The only stated reason for that decision was evidenced by the words "not explicitly allowed in B2b." Similarly, the ZBA did not address at the hearing A&M's argument that government uses existed in other zones without explicit authorization for them in the ordinance.

Section 14-551 of the Ordinance states "[e]very decision of the board of appeals shall include findings of the [sic] fact, shall refer to the evidence in the record and the exhibits, plans or specifications upon which such decision is based, shall specify the reason or reasons for such decision, and shall contain a conclusion or statement separate

---

[4] A&M provided the ZBA with a list of nineteen government offices that are located in zones for which the Ordinance does not expressly allow government use. Of the examples provided, most are located in the B-3 zone, although it did include four offices located in the I-M zone and the Social Security Administration building that is located in the B-2b zone.

[5] At the hearing Michael Scarks, president of A&M, was asked by the Chairman if he knew when the government uses in the list provided by A&M were approved. Scarks testified that he did not know, but he did know that "many of them were fairly recent." He cited as one example, "the offices of the court" on Presumpscot Street, which is in the B-3 zone according to the list submitted by A&M. Also, the list provided by A&M of government offices in other zones included occupation dates for five of the nineteen offices.

from the findings of fact setting forth the specific relief granted or denying relief." In addition to the mandate found in the Ordinance, the ZBA is required by statute to issue "a statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions, upon all the material issues of fact, law or discretion presented and the appropriate order, relief or denial of relief." 30-A M.R.S. § 2691(3)(E) (2007); *see also* 1 M.R.S. § 407(1) (2007). According to the Law Court, an administrative appeal should be remanded "when an administrative board or agency fails to make sufficient and clear findings of fact and such findings are necessary for judicial review." *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 30, 837 A.2d 148, 157.[6]

It is not clear from the record to what extent the ZBA considered the evidence offered by A&M purporting to show that governmental uses have been allowed in the B-2b zone and other parts of the City even though the applicable provisions of the Ordinance did not expressly permit such uses. Furthermore, the decision does not state the reasons why the ZBA concluded that Schmuckal's interpretation of the Ordinance was correct.

## B. Validity of Ordinance.

For a restriction contained in a zoning ordinance to be valid, it "must bear a substantial relation to public health, safety, morals, or general welfare," and "may not be unreasonable or discriminatory as applied." *LaPointe v. City of Saco*, 419 A.2d 1013, 1015 (Me. 1980). However, an ordinance is presumed to be constitutional and it "will not be declared unconstitutional without clear and irrefutable evidence that it infringes the paramount law." *Barnard v. Zoning Bd. of Appeals of Yarmouth*, 313 A.2d 741, 744 (Me. 1974) (quotations and citations omitted).

---

[6] A&M did not raise the issue of insufficient factual findings in this appeal.

A&M argues that the ZBA's interpretation of the Ordinance to exclude governmental uses from certain zones when they are not explicitly listed as a permitted or conditional use is unreasonable. Specifically, A&M asserts that it is impossible to interpret the Ordinance as allowing municipal offices throughout the B-2b zone but not to allow state offices.[7] Moreover, A&M maintains that state governmental facilities cannot be deemed per se to constitute a threat to the public welfare, particularly in such a mixed-use neighborhood. A&M also contends that the ZBA's current interpretation of the Ordinance constitutes an equal protection violation because government uses are allowed in other zones. However, it is not clear from the record if the ZBA has in fact interpreted the Ordinance differently in this case.

The City contends that the ZBA heard substantial and credible testimony from residents and business owners that the proposed probation office would negatively impact the safety, character and value of the neighborhood. It argues that these are exactly the types of concerns that a city may address with zoning regulation. As stated above, however, the ZBA did not address this issue at all in its decision denying A&M the building permit. Furthermore, the restriction found in the City's interpretation of the Ordinance applies to *all* governmental uses within the B-2b zone, not just probation offices. Therefore, it seems that the blanket prohibition on all governmental uses within the B-2b zone would have to bear a substantial relation to the City's interests to be valid.

## IV. DECISION AND ORDER

The clerk will make the following entry as the Decision and Judgment of the court:

---

[7] "Municipal buildings and uses" are included in the list of permitted institutional uses under section 14-182 of the Ordinance.

A.  Plaintiff's appeal is sustained.

B.  This case is remanded to the Zoning Board of Appeals for further determination as set out herein.

SO ORDERED.

Dated:  Feb. 26, 2008

Thomas E. Delahanty II
Justice, Superior Court

8

Date Filed __08-31-07__     __CUMBERLAND__     Docket No. __AP-07-45__

County

Action __80B APPEAL__

A & M PARTNERS LLC         CITY OF PORTLAND

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| LAWRENCE R CLOUGH ESQ<br>MARSHALL J TINKLE ESQ<br>TOMPKINS CLOUGH HIRSHON & LANGER<br>PO BOX 15060<br>PORTLAND ME 04112-5060<br>(207)874-6700 | JAMES R ADOLF ESQ<br>CITY OF PORTLAND<br>389 CONGRESS STREET<br>PORTLAND ME 04101<br>(207) 874-8480 |

Date of
Entry