STATE OF MAINE      RECEIVED & FILED    SUPERIOR COURT
ANDROSCOGGIN, ss.                          DOCKET NO. AP-15-11
SEP 19 2016
ANDROSCOGGIN
SUPERIOR COURT

KIMBERLY J. ALLEN,           )
                         )
        Plaintiff,      )  ORDER TO GRANT PLAINTIFF'S
                         )  RULE 80B MOTION
    v.                 )
                         )
JEREL BABCOCK and SHIELA   )
BABCOCK, TOWN OF DURHAM,  )
and TOWN OF DURHAM BOARD )
OF APPEALS,              )
                         )
        Defendants.    )

Plaintiff-Appellant Kimberly J. Allen appeals from a decision by the Town of Durham Board of Appeals (the "Board") pursuant to Maine Rule of Civil Procedure 80B. The court has reviewed the parties' filings and held a hearing on the motion on August 30, 2016. Based on the following, Allen's appeal is granted.

I. Factual and Procedural Background

Plaintiff Allen and Defendants Babcock ("The Babcocks") own abutting properties. Allen's property is subject to an easement benefitting the Babcock property. (R. 40-41.) On April 25, 2011, the Code Enforcement Officer (the "CEO") issued building permits to the Babcocks to build a mobile home. (R. 1.) On May 17, 2011, the CEO issued a stop work order on the permits based on a complaint by Allen's predecessor-in-interest that the Allen property easement was not in compliance with the Back Lot Development Ordinance which requires that the right-of-way used to access a back lot "be a minimum of 50 feet in width." (R. 2); *See* Durham, Me. Back Lot Development Ordinance § 6(A)(1)(a) (Apr. 5, 2014). In July or August of 2011, Allen's predecessor-in-interest filed an appeal with the Board to challenge the granting of the building permits, but the Board took no action on the appeal because Allen's predecessor-in-interest gave

notice that the parties were attempting to resolve the dispute on their own. (R. 2.) On August 31, 2015, the current CEO reinstated the 2011 building permits. (*Id.*) While the Durham Land Use Ordinances do require notice be given to abutting land owners for "conditional use" permits, Durham, Me., Land Use Ordinance § VII(II)(B) (Oct. 28, 2014), no notice is required when filing for a standard permit, *Id.* at § IV(III); (R. 3), and no notice of this action was provided to Allen, (R. 2). Allen appealed this reinstatement on November 10, 2015. (*Id.*) On December 8, 2015, the Board held a meeting and dismissed Allen's appeal for being untimely. (R. 3-4.)

The Durham Land Use Ordinance, requires that "an administrative appeal shall be taken within thirty (30) days of the date of the . . . action of the . . . Code Enforcement Officer." Durham, Me., Land Use Ordinance § IX(IV)(A) (Oct. 28, 2014). Seventy-one days had elapsed between the August 31, 2015 reinstatement of the permits and Allen's November 10, 2015 appeal. (R. 3.) The Board, therefore, declined to decide whether the April 2011 building permits had lapsed, whether the stop work order had tolled the expiration date of the building permits, whether the Allen property easement was of sufficient width to satisfy the requirements for the building permits sought on the Babcock property, or whether the original 2011 building permits had been issued in error. (*Id.*)

On December 24, 2015, Allen filed an 80B appeal of the Board's December 8, 2015 holdings. Allen asks that: (1) the Board's decision that her November 10, 2015 appeal was untimely be reversed, and (2) the 2011 building permits be declared void. Allen argues that she is entitled to a "good cause exception" that will excuse her untimely filing with the Board. (Pl.'s Rule 80B Br. 11.)

## II. Standard of Review

When reviewing the decision of a municipal agency pursuant to Maine Rule of Civil Procedure 80B, the court reviews the decision "for abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record." *Wyman v. Town of Phippsburg*, 2009 ME 77, ¶ 8, 976 A.2d 985 (internal quotation marks and citation omitted). The party seeking to vacate the municipal agency's decision bears the burden of persuasion on appeal. *Bizier v. Town of Turner*, 2011 ME 116, ¶ 8, 32 A.3d 1048. Except where otherwise provided, review shall be based upon the record of the proceedings before the governmental agency. M.R. Civ. P. 80B(f). Any party to an administrative appeal who seeks to present additional evidence to expand the administrative record must file a motion for "a trial of the facts." M.R. Civ. P. 80B(d). The purpose of taking additional evidence in the trial court is not to retry the facts presented before the administrative agency, but to permit the court to hear facts about the administrative decision-making process that are not present in the agency record. *Silsby v. Belch*, 2008 ME 104, ¶ 6, 952 A.2d 218.

The interpretation of local ordinances is a question of law that the court reviews de novo. *Rudolph v. Golick*, 2010 ME 106, ¶ 8, 8 A.3d 684. The court examines ordinances for their plain meaning and construes the terms of ordinances reasonably "in light of the purposes and objectives of the ordinance and its general structure." *Id.* ¶ 9. The court must also give the words in the ordinance their "plain and ordinary meaning" and must not be construe the ordinance "to create absurd, inconsistent, unreasonable, or illogical results." *Duffy v. Town of Berwick*, 2013 ME 105, ¶ 23, 82 A.3d 148 (internal quotation marks and citation omitted). If the meaning of an ordinance is clear on its face, the court looks no further. *Rudolph*, 2010 ME 106, ¶ 9, 8 A.3d 684.

III. Discussion

When a court "finds special circumstances which would result in a flagrant miscarriage of justice," the time for filing an appeal may be extended. *Keating v. Zoning Bd. of Appeals*, 325 A.2d 521, 524 (Me. 1974). This "good cause exception" was designed to protect abutting landowners who may not learn of a permit on neighboring property until the time period for appeal has expired. *Viles v. Town of Embden*, 2006 ME 107, ¶ 12, 905 A.2d 298. The determination of whether the good cause exception applies to an otherwise untimely appeal is made "in light of all the circumstances bearing on all the equities of the situation." *Gagne v. Lewiston Crushed Stone Co.*, 367 A.2d 613, 619 (Me. 1976). The Law Court in has stated that the application of the good cause exception is a judicial, and not an administrative, decision. *Brackett v. Town of Rangeley*, 2003 ME 109, ¶ 17, 831 A.2d 422.

A key factor in determining whether the good cause exception applies is whether the appellant received notice of the issuance of the permit. *Viles*, 2006 ME 107, ¶ 13, 905 A.2d 298. A second, important factor is the amount of time the appellant waited to file the appeal after obtaining actual knowledge of the permit. In cases where the Law Court has affirmed a Superior Court's determination that the good cause exception applied, the facts demonstrated the abutting landowners' prompt response to protect their property rights. *Id.* ¶ 7; *Brackett*, 2003 ME 109, ¶ 21, 831 A.2d 422; *Gagne v. Ciunbro Corp.*, 431 A.2d 1313, 1317 (Me. 1981). Conversely, when an abutting landowner waited 76 days after learning of the commencement of construction on the abutting property before filing an appeal, the denial of the good cause exception was confirmed. *Wilgram v. Sedgwick*, 592 A.2d 487, 488 (Me. 1991). Other factors that may be appropriate involve whether the municipality violated its own ordinance, and whether the permit holder violated the terms of the permit. *Viles*, 2006 ME 107, ¶ 13, 905 A.2d 298. The court uses

its discretion in weighing the various factors and "all the equities of the situation." *Id.* ¶ 11.

Here, Allen's property does abut that of the Babcocks' property. And, Allen did not receive notice of the reinstatement of the permit. (R. 2.)

The record does not provide sufficient facts to determine the promptness of Allen's action after learning of the Babcocks' permits' reinstatement. The record from the Board meeting does not contain information as to when or how Allen received notice of the permits' reinstatement or how much time passed before she responded. In her November 10, 2015 letter to the Board to appeal the reinstatement of the permits, Allen makes no mention of the potential untimeliness of her appeal. (R. 11-12.) During the Board meeting on December 8, 2015, a Board member confirmed Allen's position that her appeal was a "timely file," (Video Record of 12/8/15 Town of Durham Appeals Board Meeting at 00:27:43), but made no inquiries into when or how Allen became aware of the permits' reinstatement. Allen did not attempt to enter evidence about those issues, nor did she raise the good cause exception at that moment.[1] Towards the end of the meeting, the Board began a discussion on the timeliness of Allen's appeal. (*Id.* at 1:50:00). The basis for their conclusion that Allen's appeal was untimely was the length of time between the reinstatement of the permits and the date of her appeal, and they did not discuss when she received notice of the permits' reinstatement.

As to any possible violations by the Town of its own ordinance, on August 31, 2015, the CEO reinstated the Babcocks' permits that were originally issued on April 25, 2011. (R. 1-2.) But, the Durham Land Use Ordinance states that "the work authorized by

---

[1] It should be noted that the Law Court is ambiguous on whether a zoning board can consider the good cause exception. *Shore Acres Improvement Ass'n v. Livingston* , 2013 Me. Super. LEXIS 268, at *5 (Me. Super. Ct. Dec. 13, 2013).

a permit must be . . . completed within twenty-four (24) months after the date of commencement" and that a "permit shall be renewed by the Code Enforcement Officer for an additional twenty-four (24) month increment if . . . [t]he applicant intends to finish the activity within such period; and . . . explains in detail why the activity was not completed within the original permit time limit." Durham, Me., Land Use Ordinance § IV(V) (Oct. 28, 2014). There is nothing in the plain language of the ordinance stating that a stop work order would toll the running of a permit. There is also nothing in the plain language of the Ordinance that permits the CEO to "reinstate" a building permit once it has expired. Therefore, based on the plain language of the Ordinance, the 2011 permits had expired by 2015 and the CEO impermissibly reinstated them.

As to any possible violations by the permit holder (the Babcocks), on May 17, 2011, the CEO issued a stop work order because the Babcocks had not provided the requested information to show the right-of-way to their property was 50 feet wide as required. (R. 23); Durham, Me. Back Lot Development Ordinance § 6(A)(1)(a) (Apr. 5, 2014). But, the Board declared during its December 8, 2015 meeting that they could not determine from the evidence presented the width of the right-of-way to the Babcocks' property. (Video Record of 12/8/15 Town of Durham Appeals Board Meeting at 1:33:00.) Therefore, the Babcocks may be in violation of the Back Lot Development Ordinance.

Taking into consideration the various factors that justify the application of the good cause exception and all the equities of the situation, given that Allen received no notice, that the CEO acted in violation of the plain language of the Land Use Ordinance in reinstating permits that had already expired, and that the Babcocks may be in violation of the Back Lot Ordinance where the right-of-way to their property may not be

of sufficient width, this court finds that a good cause extension to consider Plaintiff-Appellant Allen's appeal to the Board is justified.

Because the Board declined to decide whether the Allen property easement was of sufficient width to satisfy the requirements for the building permits, the court does not reach Allen's second argument. The court must remand this case back to the Board for further consideration.

IV. Conclusion

Plaintiff Kimberly J. Allen's appeal pursuant to Maine Rule of Civil Procedure 80B is granted. The decision of the Town of Durham Board of Appeals that Allen's appeal was untimely is vacated. Allen's appeal is remanded to the Town of Durham Board for further consideration.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: ___9/19/16___

MaryGay Kennedy
Justice, Superior Court

Androscoggin
County

Action:   80B Appeal

Kimberly J. Allen          vs.          Town of Durham
Town of Durham, B of Appeals
Jerel Babcock and Sheila Babcock

---

Plaintiff's Attorney

Shane Wright, Esq.
Norman Hanson Detroy
P.O. Box 7230
Lewiston, ME  04243

Defendant's Attorney

Stephen Whiting, Esq. (Babcock)
75 Pearl Street Ste 207
Portland, ME  04101

John Conway, Esq. (Durham & BOA)

---

Date of Entry

---

2015
Dec 30          Received 12-24-15:
Complaint for Review of Rule 80B filed.

"     "          On 12-30-15:
Notice and Briefing Schedule filed.
Appellant's brief is due on or before February 8, 2016.
Copies to parties.

2016

Jan 11          Received 01-11-16:
Acceptance of Service filed.
Stephen Whiting, Esq. accepts service on behalf of Jerel and Sheila Babcock.

"     "          Received 01-11-15:
Answer of Jerel and Sheila Babcock filed.

Jan 25          Received 01-25-16:
Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction with
Incorporated Memorandum of Law, and affidavits of Kimberly Allen and Shane Wright filed.

Jan 27          Received 01-25-16:
Entry of Appearance of John Conway, Esq. for Town of Durham and Durham Board of
Appeals filed.

"     "          Received 01-25-16:
Acceptance of Service filed.
John Conway, Esq. accepts service on behalf of Town of Durham and Town of Durham
Board of Appeals.